Caeuthees, J.,
delivered the opinion of the Court.
Ejectment for about 28 acres of land on the shore of Cumberland river, a few miles below Nashville. The plaintiff claims title by grant from the State in 1857, on entries made just before that time. He insists that the land entered by' him was vacant at the time. It embraces a bar, or strip of land between the top of the bank, and low water mark. The defendants insist that the State had parted with the land by *650 grant to James Bosley in 178*7, and that the title is therefore outstanding. The river line of that grant is thus discribed ; “ thence north 270 poles, to a sycamore on the bank of Cumberland river, thence down said river according to its several courses, 195 poles, to a large siueetgum.”
The court charged that these calls would carry the title to low water mark, and thus cover the land entered by the plaintiff, although the trees called for were upon the bank, eleven poles from low water mark, unless it were shown that a line was run and marked upon the bank at the date of the grant. In other words, that the law would presume upon these calls that the true line was at low water, unless it were proved that it was actually run and claimed at a different place.
The case of Elder v. Burrus, 6 Hump., 364, following the North Carolina case of Wilson v. Forbes,2 Dev., 36, settles the law of this State to be, that the owners of land upon navigable streams have title to ordinary low water mark ; but if not navigable, to the centre. So, in this case, the title of Bosley and those claiming under him, would extend to the river at the ordinary low water mark, and run with that from the sycamore to the gum, and consequently, leave no vacant land. It would be otherwise, as the court charged, if it were proved that a line had been run and marked from the one corner to the other on the bank at the time of the grant. This was a question for the jury, and they have decided against it. There was some evidence of old marks upon the bank, but it seems to have been regarded by the jury, insufficient to establish the line. The case of Massengill v. Boyles, 4 Hump., 207, holds, that to control the description of land in a deed or grant, it must be shown that monuments of boundary were made at the time of the execution of the deed or grant. The evidence of Hagans, the surveyor, certainly fell short of that, in this case. He only proved that there were old marks on the bank, without fixing their age with any precision. There was no other proof on that point.
On the motion for a new trial, the affidavit of the same *651 witness was read, in which the case is made much stronger for the antiquity of the marks on the bank. But this comes too late, as he had been examined as a witness on the trial; and it is against all proper practice to grant a new trial to allow him to strengthen his evidence. He states that since the verdict of the jury he has cut blocks out of the marked trees on the bank, about which he spoke in his examination, and finds that they were marked at least seventy years ago. This would have been an important fact for the jury, but it was negligence on the part of the plaintiff, not to have been prepared with it on the trial. And it was only cumulative, at most. There is no precedent for granting a new trial upon such a ground.
There was no error in the action of the court allowing the defendants to plead after overruling their demurrer. It is true, that section 8250 of the Code, provides that “ the judgment for the plaintiff, is, that he recover the premises according to the verdict, or, if by default, or on demurrer, according to the description in the declaration.” But this only means, where the case goes off finally upon the overuling of the demurrer, on failure to make any further defence as the defendant may do as “ a matter of right,” under section 2936.
The question made in relation to the reading of the charter of the “ Buena Vista Turnpike and Eerry Company,” need not be considered, as it cannot affect the case, the defence being perfect against the plaintiff, on the ground of an outstanding better title. The said company are only interested to the extent of the easement of their road and ferry landing, upon the disputed territory. This is granted to them by their charter, and would be good, no matter in whom the title may be. But the plaintiff whose title fails upon other grounds, has nothing to do with that question, and if an error was committed, he is not injured by it.
The judgment will be affirmed.