Demonbreun *v.* Walker.

W. R. DEMONBREUN, *et al., v.* GEO. W. WALKER, Ex'r, *et al.*

1. WILL. *Evidence. Written Declarations of intentions of testator.* On a trial of the issue *devisavit vel non,* a paper purporting to have been executed as a will years anterior to the date of the date of the will in contest, was offered in evidence, to show by the written declaractions of the testator, his intentions as to the disposition of his property.

*Held,* That such evidence might be received, and that the instrument containing such declarations of intention, although it be clothed in the language and form of a testamentary act, need not be proved with all the strictness required to establish a will. For the purpose of such evidence, proof of the handwriting alone is sufficient.

2. SAME. *Newly discovered evidence.* An affidavit, upon an application for a new trial, stating the discovery of a material witness for them, and setting forth his testimony, which was not merely cumulative; and showing that due diligence was used in obtaining testimony, and no negligence is to be imputed to affiants for not having the testimony, of the existence of which they were ignorant, on the trial;

*Held,* That this affidavit showing such facts as satisfactorily as they may be shown in this mode, a new trial should have been granted.

Authorities cited: 1 Green. on Ev., §§557, 573*b*; 2 Phil. on Ev., 469; 3 Gr. & Wat. on N. T., 1047; 3 Gr. & Wat., 1053.

FROM ROBERTSON.

Appeal from the Circuit Court. JAMES E. RICE, Judge.

JAMES L. WATTS for Walker.

JAMES M. QUARLES for Demonbreun.

Demonbreun *v.* Walker.

DEADERICK, J., delivered the opinion of the Court.

This is a case of *devisavit vel non,* in which the will was established by the verdict of a jury, and the judgment of the Circuit Court of Robertson County.

It is now here insisted that this judgment should be reversed for several alleged errors committed in the progress of the trial.

1. Because plaintiffs below were allowed to read as evidence before the jury a paper purporting to have been executed by testator as a will anterior to the date of the will in contest. This paper bears date in 1856 ; the will in controversy is dated the 15th May, 1868.

After the proof by the subscribing witnesses to the will in contest, of its execution in their presence, the plaintiffs rested their case.

Defendants then introduced evidence of the declarations of testator tending to show his purpose to make a will different in its provisions from that in contest.

To rebut this, plaintiffs introduced the paper executed as a will in 1856. The objection taken was that it was not sufficiently proven to allow its introduction. This paper purports to have been signed by testator, and witnessed by A. T. Shaw and T. H. Beazley.

R. G. Glover stated that about two years before the execution of the will in contest, which was left by testator in his custody, the testator told him he had

a will in Dr. Bowman's hands which did not suit him, and he intended to get it to make some changes in it; that he was not well acquainted with the handwriting of testator, but had seen him write, and that the testator's signature looked like his handwriting, and to the best of his knowledge it was his handwriting. Upon this evidence the paper was allowed to be read to the jury.

The objection taken to the reading of the paper was two-fold. 1st. The witness did not show that he was sufficiently acquainted with testator's handwriting to make him competent to testify. 2d. That the paper having the form of a will, could be proved only by the character and *quantum* of evidence required by law to establish a will. And there being no proof to account for the absence of the attesting witnesses, proof of the handwriting of testator alone was not sufficient.

After the paper was read to the jury, the handwriting of testator was proved by two other witnesses, and there is no evidence to the contrary in the record.

The witness Glover testified that he had seen testator write, and such a witness is competent to declare his belief as to the genuineness of the writing, even if he had seen the party write but once. 1 Green. on Ev., §557. Such evidence may be light, but the jury will be permitted to weigh it. *Ibid.*. It would have been more regular and proper to have required the evidence of the other two witnesses to the hand-

writing before the paper was read than afterwards, but this of itself would not constitute reversible error, it being a question of the order in which proof shall be produced rather than one of its competency.

The paper was introduced for the purpose of establishing it as the will of the party executing it. A different paper, writing of a subsequent date, had been propounded for that purpose, and was the matter in contest in this suit. The object was to show, by the written declarations of testator, his intentions as to the disposition of his property. Both sides had given his verbal declarations of intention in regard to his property, and we see no reason why the expression of such intentions in writing might not also be proved. And for this purpose it is not necessary that the instrument containing such declarations of intention, although it be clothed in the language and forms of a testamentary act, should be proved by all the evidence, and in the mode required to establish a will.

The general rule in respect to the proof of private witnesses undoubtedly is, that where there are attesting witnesses to the execution of an instrument, they ought to be called at the trial to prove it.

And it has been held, that the rule is the same, whether the instrument in question is the foundation of the action, or is introduced collaterally as part of the evidence in the cause. 2 Phil. on Ev., 469.

But we do not perceive the reason or necessity of this strictness of proof where the execution of the instrument comes incidentally in question in the course

of the trial, in a case like the present. And Mr. Greenleaf lays down, as an exception to the general rule, requiring that the attesting witnesses shall be produced or accounted for, the case where the execution of the instrument is not directly, but incidentally in issue. 1 Green. on Ev., §573*b*. It is not offered to be proved or established as a will, but simply as a declaration, of that date, of testator. And for such purpose proof of his handwriting alone is sufficient.

After the verdict was rendered, the contestants, Wm. R. and John R. offered their affidavit, upon the motion for new trial, together with the affidavit of Johnson Demonbreun. The affidavit of said William R. and John R., states that since the trial they had discovered that said Johnson was a material witness for them; that in 1872 he had heard repeated conversations between testator and his wife, in which testator had told her that she need not say it was his will, that she and her folks made him make it, and that he could have no peace till he did make it; that she did not deny these statements, but said to him he should not alter his will; that said Johnson had also heard several conversations between Leonard Demonbreun and his mother, in which the son told his mother that the will was not right, and she knew it; that his father wanted the property equally divided between all his children, to which his mother replied that his father had given the other children enough, and they should have no more. They show that said Johnson had removed from the neighborhood, and they had

had no opportunity to learn what he knew of the case until after the trial, although they had made diligent search by inquiry amongst their father's neighbors and acquaintances, and others, for information of facts, and for this purpose they made frequent trips through the section of country where their father had lived, and diligently sought for testimony to support their case. The affidavit of Johnson sustains that of the two contestants.

It is objected that this evidence is merely cumulative, and for this reason the Court below properly refused to grant a new trial.

Upon an examination of the testimony in the record, we find no evidence in support of the particular facts, which the newly discovered evidence would tend to establish. Cumulative evidence is defined by Judge Woodbury to be the "heaping up further proof as to the *same point or fact* on which evidence was before offered." "If it only serve to strengthen such *old point or fact,* and not to introduce any new one to the jury, a new trial" should not be granted.

Newly discovered evidence of subordinate points or facts is not cumulative, unless there was, upon the trial, evidence adduced upon such subordinate points or facts. 3 Gr. and Wat. on N. T., 1047.

In illustration of the rule, where the question was whether a note of a deceased person had been paid, and various facts were testified to conducing to prove such payment, and after a verdict, the executor should discover a receipt in full for said note, or discovered

that he could prove the deliberate admission of the plaintiff that the note had been paid, such evidence would not be cumulative, although the new facts go to establish the former ground of defence. 3 Gr. and Wat., 1053.

The affidavit of the contestants shows, as satisfactorily, perhaps, as such facts may be shown in this mode, that due diligence was used in obtaining testimony, and that no negligence is to be imputed to them for not having the testimony, of the existence of which they were ignorant, upon the former trial.

Leonard and his mother are the principal beneficiaries under the will. He is the only child of his mother, who was the second wife of his father.

The testimony, therefore, was material, and we are of opinion that the Circuit Judge should have granted a new trial in the case.

Let the judgment be reversed, and the cause remanded for a new trial.