Jones and Perry *v*. The State.

GEORGE JONES and MANUEL PERRY *v*. THE STATE.

1. SUPREME COURT PRACTICE. *Evidence. General exception.* Where the ruling of the trial judge in rejecting testimony indicates that he understood it to, be offered for a purpose for which it was inadmissible, he cannot be put in error by a mere general exception, which does not call to his, attention another purpose for which it would have been admissible.

2. SAME. *Proper exercise of discretion presumed.* The presumption is always in favor of the proper exercise of judicial discretion in the conduct of a trial, and it must affirmatively appear that injustice has been done before the Supreme Court will reverse for the abuse.

.3. SAME. *Same.* The trial judge may require counsel to reduce the answers of witnesses to writing, and to read each answer over to the witness before proceeding with other questions.

FROM SHELBY.

.Appeal in error from the Circuit Court at Bartlett. THOS. D. ELDRIDGE, J.

GEORGE GANTT and W. S. FLIPPIN for Jones and Berry.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the court.

The defendants were indicted for the larceny of a hog, and upon a former trial were convicted, and the verdict set aside and a new trial granted by the court. They were again tried and convicted, and a new trial having been refused them, have appealed to this court.

Jones and Perry *v.* The State.

The principal witness as to the guilt of the defendants, was one Lilly Edwards. The State also introduced as a witness, a girl, Mary Miles, who testified to material facts going to establish the guilt of the defendants.

On cross-examination this witness stated, "I have talked with aunt Lilly, and she told me what to say."

On re-examination this witness said, "she told me to tell the truth. Uncle George Smith and his wife both told me to tell the truth." Then, as the record states, witness was here re-called by the State, and upon examination in chief said: "Ceny Bartlett did come to me and ask me what I knew about this case, and offered me a pair of shoes and a dress to say that uncle Toss (meaning Jones), did not kill or clean any hog there that night." Re-cross-examination: "I did say at Mr. Bland's residence, in the presence of Mr. and Mrs. Bland, that I knew nothing about the case, and knew nothing about Jones and Berry killing a hog on that night, or cleaning one." Counsel for defendants then put this question: "Have you not recently talked this case all over with Lilly Edwards, and did she not tell you that you must state the facts just as she stated them to you?" The court overruled the question because Lilly Edwards had not been asked the same question, or if she had not made such proposal, to which the defendants, by counsel, excepted.

This ruling of the court, it is insisted, was error. His Honor evidently assumed that the object of the question was to impeach or discredit the testimony of the witness, Lilly Edwards, and upon this assumption

his ruling was correct. We can see, however, that the counsel for the defendants *might* have had another or an additional object in asking the question, that is, to show that the witness then under examination had been tampered with, and instructed as to what testimony she was to give, and thus to discredit her own testimony. But as the court indicated by his ruling, the object for which he understood the question to have been asked, and as defendants' counsel did not state or call the attention of the court to any other purpose for which the question was propounded, he cannot, by a mere exception, without stating the ground of it, put the court in error, as if the attention of his Honor had been called to any purpose for which it was competent, we must presume he would have permitted it for such purpose.

On the trial of the case, the court required the counsel for the defendants in cross-examining witnesses to write the answers of each witness and read it over to them to see if he had written it down correctly, and that it expressed their meaning. To this the counsel excepted, but complied with the requirement.

While this may not be a proper mode of procedure in all cases, we can conceive of instances where such a course of examination might be pursued by counsel as to render such a requirement a proper exercise of the discretionary power of the court.

The discretion confided to the circuit court in the conduct of business, will not be readily controlled by this court: *State* v. *Pybass,* 4 Hum., 442. And unless the exercise of the discretion is erroneous and injurious,

it will not be interfered with: *Waterson* v. *Waterson*, 1 Head, 8. The presumption is always in favor of a proper exercise of judicial discretion, and we must be able to see that injustice has been done, before we would undertake to reverse a cause for the abuse of it.

We can see no evidence from this record, of any injury which has or might have resulted to the defendants from the course pursued by the circuit judge in this matter. We find no reversible error in the record and are satisfied to permit the conviction to stand.

The judgment will be affirmed.