**Roy L. SEAY, Plaintiff-Appellee,**

v.

**CITY OF KNOXVILLE, et al., Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

March 8, 1983.

Permission to Appeal Denied by Supreme Court May 31, 1983.

Joseph B. Yancey and Bruce A. Anderson, Knoxville, for defendant-appellant.

Daniel J. Goodman and David W. McNabb, Knoxville, for plaintiff-appellee.

OPINION

SANDERS, Judge.

The threshold question on this appeal is whether the court committed error in granting a new trial on the basis of newly discovered evidence when there was no showing of diligence to discover the evidence prior to an adverse judgment.

The Plaintiff-Appellee, Roy L. Seay, sued the Defendant-Appellant, City of Knoxville, for personal injuries received when he stepped into an uncovered water meter box on the city's property. In July, 1978, the City of Knoxville leased to the Tennessee Valley Agricultural and Industrial Fair Association, for a period of 10 years, the Chilhowee Park area in the City of Knoxville, which contains approximately 65 acres. As pertinent here, the lease provides the Fair Association will have control of the area and be responsible for its maintenance. The Plaintiff was employed by the Fair Association in June of that year as a security guard. On the night of August 3, 1979, while on duty, the Plaintiff was walking in a grassy area near a street about 9:00 p.m. when he stepped into an uncovered meter box, resulting in his falling and injuring his left shoulder.

There was no proof offered in the trial of the case as to what the condition of the meter box was at the time the City leased the property to the Fair Association and for this reason the trial judge, who was sitting without a jury, found the issues in favor of the City and dismissed the case. A judgment was entered in keeping with the court's findings but the Plaintiff filed a timely motion for a new trial. The motion was based solely on newly discovered evidence. The Defendant strongly opposed the motion on the grounds the Plaintiff had failed to show reasonable diligence to discover the evidence before the trial. However, the court granted the motion and upon the new trial considered the testimony in the original trial together with the deposition of the newly discovered witness and rendered judgment against the City for $17,500.

The City has appealed and presented two issues: (1) Whether or not the court erred in granting the motion for a new trial based upon newly discovered evidence and (2) Even considering the new evidence, is it sufficient to change the judgment in the original case.

■ We think the first issue is dispositive of the case. Our appellate courts in this jurisdiction have had many, many occasions to address the question of granting or denying a motion for a new trial based on newly discovered evidence. As a result of these many decisions some very definite principles have evolved and they appear to be in harmony with the majority of other states. One of the principles is that the courts have an inherent distrust for such motions and they are looked on with disfavor "because of the temptation to perjury" and "to strengthen the weak points in the case discovered during the progress of the trial." *Southwestern Transp. Co., Inc. v. Waters,* 168 Tenn. 596, 79 S.W.2d 1028 (1935); *Ross v. State,* 130 Tenn. 387, 170 S.W. 1026 (1914). *Also see Brown v. University Nursing Home, Inc.,* 496 S.W.2d 503 (Tenn.App. 1972).

■ Another principle of law that is deeply ingrained in the holdings of our courts and has been repeated in the majority of the some 65 cases where our courts have addressed this issue is that to justify a new trial for newly discovered evidence it must be shown that the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence. *Chicago Guar. Fund Life Soc'y v. Ford,* 104 Tenn. 533, 58 S.W. 239 (1900), *Martin v. Nance,* 40 Tenn. 649 (1859); *Frazier v. McFerren,* 55 Tenn.App. 431, 402 S.W.2d 467 (1964); *Monday v. Millsaps,* 37 Tenn.App. 371, 264 S.W.2d 6 (1954); *Bean v. Commercial Securities Co.,* 25 Tenn. App. 254, 156 S.W.2d 338 (1941); *Blue Bird Coaches, Inc. v. McGregor,* 14 Tenn.App. 23 (1931); *Wilkerson v. Joyce-Watkins Co.,* 5 Tenn.App. 356 (1927); *Tennessee Eastern Elec. Co. v. Link,* 6 Tenn.App. 617 (1926). Thus, an attorney has a duty to investigate prior to trial, *Tipton v. Smith,* 593 S.W.2d 298 (Tenn.App.1979); *Brown v. University Nursing Home, Inc.,* 496 S.W.2d 503 (Tenn. App.1972); *City of Knoxville v. Ryan,* 13 Tenn.App. 186 (1929); *Demonbreun v. Walker,* 63 Tenn. 199 (1874); *Tabler v. Connor,* 60 Tenn. 195 (1873), to call appropriate witnesses at trial, *Zirkle v. Stegall,* 163 Tenn. 323, 43 S.W.2d 192 (1931); *Wilson v. Nashville, C. & St. L. Ry.,* 16 Tenn.App. 695, 65 S.W.2d 637 (1933); *Stafford v. Stafford,* 1 Tenn.App. 477 (1926); *Ware v. State,* 108 Tenn. 466, 67 S.W. 853 (1902), to fully examine all witnesses, *Noel v. McCrory,* 47 Tenn. 623 (1868); *Luna v. Edmiston,* 37 Tenn. 159 (1857); *Darnell v. McNichols,* 22 Tenn.App. 287, 122 S.W.2d 808 (1938), and to secure evidence of which counsel becomes aware at trial. *Bradshaw v. Holt,* 200 Tenn. 249, 292 S.W.2d 30 (1956); *Southwestern Transp. Co. v. Waters,* 168 Tenn. 596, 79 S.W.2d 1028 (1935); *Whitfield v. Loveless,* 1 Tenn.App. 377 (1925). The client is also under a duty to act with due diligence in securing evidence for trial. *Hayes v. Cheatham,* 74 Tenn. 1 (1880); *Harbour v. Rayburn,* 15 Tenn. 432 (1835); *Puckett v. Laster,* 56 Tenn.App. 66, 405 S.W.2d 35 (1965); *Spence v. Carne,* 40 Tenn.App. 580, 292 S.W.2d 438 (1954).

■ The affidavits filed by the moving party should show that the evidence has been discovered since trial and that it could not have been discovered prior to trial through the exercise of due diligence. *Monday v. Millsaps,* 37 Tenn.App. 371, 264 S.W.2d 6 (1954). Affidavits in support of the motion should set out the fact constituting due diligence with particularity. *Ross v. State,* 130 Tenn. 387, 170 S.W. 1026 (1914); *Evans v. Evans,* 558 S.W.2d 851 (Tenn.App.1977). In *Travis v. Bacherig,* 7 Tenn.App. 638 (1928) the court said:

> "The defendant's affidavit does not state any facts showing due diligence on his part. He merely stated that he had made diligent search and inquiry before the trial for witnesses. This is not sufficient. His affidavit must show reasonable diligence, that is, ordinary diligence to obtain the evidence before the trial. A

mere statement of due diligence is not sufficient, but the facts constituting diligence must appear, and the facts must be specifically set out. Mere general statement that affiant inquired among persons likely to know, is not sufficient, the particulars must be shown. *See Ross v. State,* 130 Tenn., 392, 170 S.W., 1026." *Id.* 646.

Affidavits should be filed by both the attorney and the client since both are under a duty to exercise due diligence in preparing the case for trial. Finally, an affidavit of the new witness setting out the substance of his or her testimony should be filed. *Ross v. State, supra; Cozart v. Lisle,* 19 Tenn. 65 (1838). Counter-affidavits are allowed and reply affidavits may be filed. Tenn.R.Civ.P. 59.02; *Moore v. State,* 96 Tenn. 209, 33 S.W. 1046 (1896); *McGavock v. Brown,* 23 Tenn. 251 (1843).

In the Plaintiff's motion for a new trial he says he "moves this Honorable Court to grant a new trial, based upon newly discovered evidence that was unavailable to the Plaintiff at the time of trial." He then recites that he is attaching the affidavits of Jack Gentry Garland, the new witness, and his attorney. He then summarizes the contents of the affidavits. Although it is stated in the motion that the affidavit of the attorney states, "That the whereabouts of Mr. Garland was completely unknown at the time of the trial and the fact that he had any knowledge relative to this case was similarly unknown to the Plaintiff's counsel." An examination of the affidavit reveals it does not contain such statements. The affidavit of Mr. Goodman, attorney for the Plaintiff, is as follows:

"DANIEL J. GOODMAN, attorney, first being duly sworn according to law, deposes and says:

"1. My name is Daniel J. Goodman, Esquire, and I represent the Plaintiff in the case of Seay vs. The City of Knoxville, et al, Knox County Circuit Court No. 1–414–80.

"2. After trial of this cause, and entry of judgment for the defendants, I was visited on a totally unrelated matter by Jack Garland, on November 11, 1981. Upon mentioning this case to Mr. Garland, he immediately remembered that he had worked at the situs of Mr. Seay's injury in 1978, and remembered the location and condition of the hole into which Mr. Seay fell at the time of his injury.

"3. I immediately had Mr. Garland execute an Affidavit setting forth the main elements of his knowledge of the situation, and arranged for his testimony at further hearing of this cause.

"Further the Affiant saith not."

The affidavit of Mr. Gentry recites that he lives in Johnson City. He was employed by the Fair Association from June, 1978, until March, 1979, in the capacity of director of concessions and acting manager of the park. In July, 1978, he tripped in the hole where the Plaintiff was injured and in September he ran a golf cart into it, resulting in a flat tire.

It will be observed that neither of the affidavits mentions why the testimony of Mr. Gentry was not offered at the trial or what efforts, if any, were made by the Plaintiff or his attorney to secure the testimony.

On the contrary, the Defendant, in opposition to the motion, filed an affidavit of Mr. Holefield, director of the Fair Association, in which he said that at no time had the Plaintiff or his attorney contacted him or his office staff in an attempt to get the names or addresses of any employees, past or present, who might have knowledge of the matter.

It will also be observed from the testimony of the Plaintiff in the original trial and the affidavit of Mr. Garland that they were both employed by the Fair Association from June, 1978, until Mr. Garland left his employment in March, 1979. There is no showing that the Plaintiff did not know the location of Mr. Garland or his knowledge of the premises.

■ The most oft-repeated principle governing motions for a new trial on the basis of newly discovered evidence is that the granting or denial of such a motion is

within the discretion of the trial court. See, e.g., *Tipton v. Smith*, 593 S.W.2d 298 (Tenn.App.1979); *Diversified Equities, Inc. v. Warren*, 567 S.W.2d 171 (Tenn.App.1976); *Johnson v. Woman's Hospital*, 527 S.W.2d 133 (Tenn.App.1975); *Brown v. University Nursing Home, Inc.*, 496 S.W.2d 503 (Tenn. App.1972). In *Tabler v. Connor*, 60 Tenn. 195 (1873), the Tennessee Supreme Court placed the following limitation on that discretion:

> "There are well settled rules for granting of new trials, by which the present case must be governed. 1. If a party omits to procure evidence which with ordinary diligence he might have procured, in relation to those points, on the first trial, his motion for a new trial for the purpose of introducing such testimony shall be denied. 2. If the newly discovered evidence consists merely of additional facts and circumstances, going to establish the same points which were principally controverted before, or of additional witnesses to the same facts, such evidence is cumulative, and a new trial shall not be granted. In cases to which these principles clearly and unquestionably apply, the granting or refusal of a new trial is not a matter of discretion. The parties have a legal right to a decision conformable to those principles. Where there is doubt upon the point of negligence, or as to the character of the evidence, or as to its materiality, it becomes a matter of discretion; and the Court will not—perhaps cannot—rightfully interfere." *Id.* at 197–98.

See also: *Illinois Cent. R.R. v. Exum*, 41 Tenn.App. 450, 296 S.W.2d 372 (1955).

In addition, whether diligence is shown by a particular state of fact is, of course, a question of law. *Ross v. State, supra*. Given the law's traditional distrust of such motions, *see Ross v. State, supra; Moore v. State, supra; Brown v. University Nursing Home, Inc., supra*, it is not surprising that appellate courts are loath to interfere with the trial court's ruling. *See, e.g., Evans v. Evans*, 558 S.W.2d 851 (Tenn.App.1977); *Illinois Cent. R.R. v. Exum*, 41 Tenn.App. 450, 296 S.W.2d 372 (1955). The appellate courts

of this state have not hesitated, however, to reverse the trial court when its ruling was erroneous on the law or would result in injustice. *Memphis Street Ry. Co. v. Cooper*, 203 Tenn. 425, 313 S.W.2d 444 (1958); *Demonbreun v. Walker*, 63 Tenn. 199 (1874); *Dunivant v. Plew*, 15 Tenn.App. 60 (1932); *Tennessee R.R. Co. v. Kingsley*, 10 Tenn.App. 637 (1929).

■ Since the Plaintiff totally failed to show any evidence of due diligence on behalf of himself or his attorney to discover, prior to trial, the evidence which he now proffers in support of a new trial, we are of the opinion the court was in error in granting the motion.

In view of our holding on the Appellant's first issue, the second issue is pretermitted.

The issues are found in favor of the Appellant. The judgment of the trial court in the second trial is reversed and the judgment in the first trial is reinstated. The cost of this appeal is taxed to the Appellee.

GODDARD, J., concurs.

FRANKS, J., dissents.

FRANKS, Judge, dissenting.

I would affirm the judgment of the Trial Court.

The Trial Judge at the conclusion of the evidentiary hearing stated "... [T]oo close a case. I don't believe that Mr. Goodman has made out a case...." Seay's motion for a new trial asks the Court to grant a new trial based on "newly discovered evidence," or in the alternative moved "for a further evidentiary hearing so that the Court may consider the evidence as discovered by Plaintiff." The Court permitted the "discovered" witness' testimony in evidence and awarded the judgment to Seay.

The discretion of a Trial Court in granting a new trial on newly discovered evidence is "very broad." *Brown v. University Nursing Home, Inc.*, 496 S.W.2d 503 (Tenn. App.1972). Newly discovered evidence must be of such character as to convince the Court that an injustice has been done and

that a new trial will change the result. *Travis v. Bacherig,* 7 Tenn.App. 638 (1928). The evidence considered meets this test.

A further requirement is that by exercise of "reasonable diligence" the evidence could not have been procured for the trial. I am not prepared to hold as a matter of law on this record that Plaintiff's attorney did not exercise reasonable diligence in preparing the case for trial. Before us, the burden is on the City of Knoxville to affirmatively show the Trial Judge abused his discretion in granting the new trial. See *Esstman v. Boyd,* 605 S.W.2d 237 (Tenn.App.1979). It is presumed the Trial Judge properly exercised his judicial discretion, and in the absence of showing that an injustice has been done appellate courts will not reverse. *Jones v. State,* 79 Tenn. 468 (1883).

The evidence does not preponderate against the findings of the Trial Court. T.R.A.P. Rule 13(d). I would therefore affirm at Appellant's costs.