# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 2000 Session

## BRENDA FAYE LAWSON v. DONNIE CLIFTON LAWSON, JR.

**Appeal from the General Sessions Court for Van Buren County**
**No. 3390     Sam Benningfield, Judge**

---

**No. M2000-00729-COA-R3-CV - Filed August 22, 2000**

---

The General Sessions Court of Van Buren County awarded the wife a divorce, divided the marital property, and awarded the wife rehabilitative alimony. On appeal the husband attacks the property division and the amount of the alimony. Because the record does not provide a basis for properly assessing the issues raised by the appellant, we affirm with a memorandum opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Steven W. Kreltzer, Rossville, Georgia, for the appellant, Donnie Clifton Lawson, Jr.

William D. Mitchell, Sparta, Tennessee, for the appellee, Brenda Faye Lawson.

### MEMORANDUM OPINION[1]

The final decree awarded Mrs. Lawson a divorce on the ground of adultery and awarded her the marital home. After specifically awarding Mr. Lawson one of the parties' two televisions, all the rifles, shotguns and accessories thereto, the 1993 Toyota truck, the lawn mower, the weedeater, his tools, clothes and personal items, the decree awarded Mrs. Lawson "all other personal property not heretofore described, including all household goods and belongings." The decree also required

---

[1] Rule 10 of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Lawson to pay alimony in the amount of $785 per month for a year and then $625 per month for the next seven years.

Mr. Lawson argues that the property awarded to Mrs. Lawson amounted to 93% of the marital estate. But we cannot find in the record the proof that supports that claim. The exhibits filed in the trial court are not in the record, and the parties did not testify about the values of the personal property. The only proof about the equity in the marital home was (1) from Mrs. Lawson, who said the home was worth about the amount of the mortgage on it, (2) from Mr. Lawson who said the home had an equity value of approximately $30,000, and (3) an appraisal made when the parties refinanced the home, which if accurate would show an equity of approximately $21,000. Assuming that the equity in the home amounted to $30,000, we do not have anything to compare that to, since the record is devoid of any proof about the value of the rest of the property.

Mr. Lawson relies on his affidavit filed in support of a motion for a new trial in which he, for the first time, offers some evidence about the value of the property. The trial judge cannot be faulted for refusing to consider the affidavit. It does not qualify as newly discovered evidence. *Seay v. City of Knoxville*, 654 S.W.2d 397 (Tenn. Ct. App. 1983).

Therefore, there is no basis on which to conclude that the division of the marital property was inequitable.

Mr. Lawson also argues that the alimony awarded amounts to approximately 50% of his take-home pay. But the record does not contain any proof showing that Mr. Lawson is unable to pay the amount awarded. When he left the marital home, he moved in with his girlfriend and her children leaving his permanently disabled wife with the home and a social security payment of approximately $650 per month. He did not testify about his living expenses, nor did he say he was contributing anything to the household where he lived. So far as the record shows he does not have any expenses of his own. We conclude that there is no basis on which to reverse or modify the trial judge's award of alimony.

The judgment of the trial court is affirmed and the cause is remanded for any further proceedings necessary. Tax the costs on appeal to the appellant, Donnie Clifton Lawson, Jr.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.