IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 2, 2003 Session

## RONNIE A. JONES, ET AL. v. GEORGE STOKELY, ET AL.

Appeal from the Chancery Court for Cocke County
No. 96-064    Telford E. Forgety, Jr., Chancellor

FILED JUNE 24, 2003

No. E2002-01593-COA-R3-CV

This is a boundary line dispute. The plaintiffs, Ronnie A. Jones and his wife, Vonda H. Jones ("the Jones"), appeal the trial court's finding that the property line they share with their neighbors, the defendants George Stokely and his wife, Sheila Y. Stokely ("the Stokelys"), is as alleged in the Stokelys' counterclaim. The Jones contend: (1) that the evidence preponderates against the trial court's determination of the location of the boundary line; (2) that the trial court committed reversible error when it admitted into evidence, as ancient records, certain maps and documents; and (3) that the trial court abused its discretion when it refused to grant the Jones a new trial based upon "newly discovered" evidence. We affirm.

**Tenn. R. Civ. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

William McMahan Leibrock, Newport, Tennessee, for the appellants, Ronnie A. Jones and Vonda H. Jones.

Thomas V. Testerman, Newport, Tennessee, for the appellees, George Stokely and Sheila Y. Stokely.

**OPINION**

I.

The instant dispute finds its genesis in overlapping property descriptions in the parties' respective chains of title. The Jones are owners in fee of a tract of land in Del Rio, Cocke County. The Stokelys are the owners in fee of a tract that lies adjacent to and north of the Jones' property. The Jones acquired their property in 1980. When they purchased this property, they secured an analysis of their plat for the limited purpose of verifying acreage. A complete survey was not performed.

In 1991, the Stokelys acquired title to their tract. They arranged for a survey of their newly-acquired property. In 1992, the Jones observed the Stokelys clearing land along a ridge top that the Jones believed to be a part of their property. The Stokelys were unwilling to concede that the Jones owned the disputed area, being about 20 acres in size. This litigation followed.

II.

The Jones' contentions on appeal can be distilled into three issues. First, the Jones contend that the evidence preponderates against the trial court's location of the property line separating the parties' respective tracts. Simply put, they argue that they, rather than the Stokelys, met their burden of proof in establishing their northern boundary line, *i.e.*, their common line with the Stokelys. Second, the Jones contend that the trial court erred when it admitted certain old maps, plats, and a warranty deed, proffered by the Stokelys. The Jones argue that, even if such evidence is admissible under the ancient documents hearsay exception, those materials were not properly authenticated. Thus, so the Jones argue, the acceptance of such maps and documents into evidence was prejudicial and constitutes reversible error. Third, the Jones contend that the trial court abused its discretion in failing to grant them a new trial based upon "newly discovered" evidence.

III.

A.

Our initial focus is on the trial court's determination of the boundary line separating the properties owned by the Jones and the Stokelys. As previously noted, this decision was adverse to the Jones. A trial court's determination of a real property boundary line is a factual finding rather than a legal conclusion. *Mix v. Miller*, 27 S.W.3d 508, 514 (Tenn. Ct. App. 1999). As this appeal reaches us following a bench trial, we review the lower court's factual determinations *de novo*, according them a presumption of correctness. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). We will not disturb a trial court's factual findings unless the evidence preponderates against them. *Id.*

This trial was essentially a "battle of experts," more specifically, of surveyors: Michael A. Grigsby for the Jones and Joseph M. Bible for the Stokelys. The following excerpts from the trial court's memorandum opinion are instructive as to its findings regarding the subject boundary line:

> Well, let me say, this is a difficult, difficult case...

.

> \* \* \*

> [I]t is apparent to the Court looking at the various surveys that we
> have here, the 1921 survey..., that there was from all appearances here
> a dispute and an overlap in this property as far back as 1921 on the
> very line that we're here today litigating about.... [A]nd I might say,

-2-

with property of this type where it's located steep in places, and that's nobody's fault.

It is clear to me that if the 1947 Tucker survey that Mr. Grigsby relied upon, if it is correct, then the boundary of these properties is as Mr. Grigsby says it is, and as Mr. Jones contends that it is. On the other hand, if the survey [the Stokelys] entered into evidence...is correct, then the true boundary lies 92 feet north of the green line marked on Exhibit No. 13 [,as the Stokelys contend]. So one of those two surveys is wrong some way.

To be quite honest with you, I don't know for sure which one is wrong.... [I]f the records were available to either of these surveyors to tell us where that...back line...was, we wouldn't be sitting here today. But they are not.... [B]oth surveyors have testified that they looked for those records and they're just not there.

I mean, it is apparent that they must have been there at some point in time, but there was a courthouse fire in Cocke County and for whatever reason they're just not there. They're lost to posterity, and we've got to do the best we can based on what we've got. That's all we can do. Having said that,...I'm not satisfied that Mr. Jones has carried the burden of proof of establishing that the true boundary line between the parties is as shown on the Grigsby survey.

I back up and I say, the Grigsby survey -- I am satisfied that the Grigsby survey comports with the 1947 Tucker survey. I am satisfied of that. And if the Tucker survey is truly correct, then he's right. But what's the evidence here....

* * *

I find that from the evidence that I have here, with no really good explanation as to why, in 1947 that 31 poles distance was added [in the 1947 Tucker survey relative to a 1911 survey lacking that call]. I fixed the boundary line as lying 92 feet north of the green line marked on Exhibit No. 13, that is the Joe Bible map. That will require...somebody to run a line in order to draw a metes and bounds description. And for heaven's sake, do that and put it in this judgment.

It is apparent to me that this property has been in dispute since 1921. And the problem is that we had two very able surveyors who have

done the very best that they could based on the records that they had available to them. And as I observed earlier, the really critical piece of information is the records as to that...back line, and the surveyors don't have that and I don't have that. So I fixed the boundary at lying 92 feet north and parallel with the green line shown on the Joe Bible survey.

[T]here's nothing in this record that explains to me why the distance of 31 poles to an unknown distance in the...1911 deed and the chain of title of Jones was made 31 poles in 1947. That may have been correct. It may be correct today, but there's no explanation in this record as to why it is.... [U]nfortunately[, this is] the best we can do based on the records we've got....

As the court below stated, this is a very difficult case. The trial court appears to have ruled as it did because of an unexplained difference between the 1911 deed description and the 1947 Tucker survey of the Jones' land that created the conflicting property descriptions resulting in the boundary overlap. The trial court chose the testimony of one expert over that of another expert. The weighing of the testimony of experts is a function peculiarly within the province of the trier of fact. ***Airline Const., Inc. v. Barr***, 807 S.W.2d 247, 270 (Tenn. Ct. App. 1990). Accordingly, we cannot say that the evidence preponderates against the trial court's determination of the critical boundary line. Accordingly, we will not disturb its finding. This issue is resolved in favor of the Stokelys.

B.

The next issue addresses whether the trial court properly admitted into evidence certain old maps and other "ancient" documents. The Jones contend that the trial court should have refused to allow these materials into evidence because, so the argument goes, they were not properly authenticated. The Jones urge us to find that this error was prejudicial and that it merits a new trial.

Our standard of review pertaining to decisions allowing or excluding documents as evidence is well-established. "The ruling of the trial judge admitting or excluding such records is given much weight and will not be reversed unless there has been a manifest abuse of discretion." ***Martin v. Martin***, 755 S.W.2d 793, 797 (Tenn. Ct. App. 1988) (quoting ***Van Zandt v. State***, 218 Tenn. 187, 402 S.W.2d 130 (1966) quoting ***Cantrill v. American Mail Line, Inc.***, 42 Wash. 2d 590, 257 P.2d 179 (1953)); *see also* ***Rothstein v. Orange Grove Ctr., Inc***, 60 S.W.3d 807, 811 (Tenn. 2001).

This issue implicates three of the Tennessee Rules of Evidence. Rules 802 and 803 provide, in pertinent part, as follows:

*Rule 802*

Hearsay is not admissible except as provided by these rules or otherwise by law.

*Rule 803*

The following are not excluded by the hearsay rule:

\* \* \*

(16) Statements in Ancient Documents Affecting an Interest in Property. Statements in a document in existence thirty years or more purporting to establish or affect an interest in property, the authenticity of which is established.

The Advisory Commission's comments on Rule 803(16) are helpful:

If a document . . . affects a property interest, and if it is thirty years old and authentic, the trier of fact may take as true statements within the document. Proposed Rule 901(b) makes thirty years of age one of the requisites for authentication, but the offering lawyer must also establish normal custody and lack of suspicion....

Tenn. R. Evid. 901 provides, in pertinent part, as follows:

(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims.

(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

\* \* \*

(8) Ancient Documents or Data Compilation – Evidence that a document or data compilation in any form (A) is in such condition as to create no suspicion concerning its authenticity, (B) was in a place where,

if authentic, it would likely be, and (C) has been in
existence thirty years or more at the time it is offered.

The Jones claim that because these materials came into evidence from the custody of a previous owner of the land and not from an "official custodian," the authentication requirements of Tenn. R. Evid. 901(b)(8) have not been met. We disagree. While subsection (B) of Rule 901(b)(8) requires that ancient documents be "in a place where, if authentic, [they] would likely be," we do not read this to require any more than what it says. The rule makes no reference to "official custodians." In the instant case, the previous owner of the subject real property is a person with whom such records "would likely be." Therefore, the evidence meets the authentication criteria established by the rule.

The Jones also argue that the trial court erred by admitting a survey that is not complete. This argument goes to the weight to be given the subject evidence and not its admissibility. We find no abuse of discretion in the admission of this evidence. We resolve this issue in favor of the Stokelys.

C.

The final issue on this appeal is whether the trial court abused its discretion when it refused to grant the Jones a new trial so they could present "newly discovered" evidence.

This court has recently addressed a motion for a new trial based on newly discovered evidence:

> [W]hen considering the matter of granting a new trial, the trial judge
> is vested with broad discretion. *Esstman v. Boyd*, 605 S.W.2d 237
> (Tenn. Ct. App. 1979). Our courts do not favor the grant of such a
> trial on the basis of newly discovered evidence, and look upon such
> motions with suspicion. *Brown v.* [*Univ.*] *Nursing Home, Inc.*, 496
> S.W.2d 503 (Tenn. Ct. App. 1972).

*Dillard v. Meharry Med. Coll.*, No. M2001-02038-COA-R3-CV, 2002 WL 1465957, at *7 (Tenn. Ct. App. M.S., filed July 9, 2002). We cannot reverse the trial court's denial of a motion for a new trial based on newly discovered evidence absent an abuse of discretion. *Id.*

The trial court's order denying the Jones' motion for a new trial does not recite the court's rationale for the court's action. The Jones argue that the trial court failed to properly evaluate its motion and the evidence they claim was newly discovered.

In *Seay v. City of Knoxville*, 654 S.W.2d 397 (Tenn. Ct. App. 1983), we pointed out that a motion for a new trial based on newly discovered evidence should be supported by an affidavit:

The affidavits filed by the moving party should show that the evidence has been discovered since trial and that it could not have been discovered prior to trial through the exercise of due diligence. Affidavits in support of the motion should set out the fact [*sic*] constituting due diligence with particularity.

*Id*. at 399 (citations omitted).

There is no such affidavit in this case. In addition, we have no transcript of the hearing on the motion for a new trial. There is simply nothing before us to show that the "newly discovered" evidence in this case was "discovered since trial," *id*., and nothing in the record to establish that, if discovered after trial, it "could not have been discovered prior to trial through the exercise of due diligence." *Id*. Accordingly, there is no basis for finding error in the trial court's denial of the Jones' motion for a new trial.

IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Ronnie A. Jones and Vonda H. Jones. This matter is remanded to the trial court for enforcement of its judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE