IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2018

## SHAWN R. BOUGH v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Chancery Court for Bledsoe County**
No. 3326      Jeffrey F. Stewart, Judge

_____

**No. E2017-02350-COA-R3-CV**

_____

Shawn Bough filed a petition for common law writ of certiorari seeking review of his prison disciplinary conviction. The petition named as respondents the Tennessee Department of Correction and various individuals involved in petitioner's conviction. The trial court dismissed the petition on the ground that petitioner failed to timely comply with the court's order to submit a partial payment of the filing fee as required by Tenn. Code Ann. § 41-21-807 (2014). Petitioner subsequently filed a "motion to reconsider," which the trial court denied. This appeal follows. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and KENNY W. ARMSTRONG, JJ., joined.

Shawn R. Bough, Pikeville, Tennessee, appellant, pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Torrey E. Samson, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction, Tony Parker, Darren Settles, Jerry Johnson, and April Hubbard.

### OPINION

### I.

Petitioner is an inmate in the custody of the Tennessee Department of Correction. He is housed at the Bledsoe County Correctional Complex in Pikeville, Tennessee. He filed a petition for common law writ of certiorari with the trial court seeking review of his

prison disciplinary conviction for "Intoxicants–Use, Sell, Exchange, Possession."

Petitioner also filed an affidavit of indigency. Respondents filed a motion asking the court to order petitioner to comply with Tenn. Code Ann. § 41-21-807. This provision of the Tennessee Prisoner Litigation Reform Act requires inmates proceeding in forma pauperis to make an initial partial payment of the filing fee and then make monthly payments until the filing fee is completely paid. Tenn. Code Ann. § 41-21-807(b)(1)-(2). On September 11, 2017, the trial court entered an order directing petitioner to pay an initial partial payment of $12.58 from his trust fund account within thirty days or face dismissal without prejudice. Thus, the deadline to submit the partial payment was October 11, 2017.

The court received petitioner's partial payment on October 13, 2017. On October 18, 2017, the clerk and master mailed the parties a letter stating that the court was returning petitioner's money order because it was received two days after the deadline. The next day, on October 19, 2017, respondents filed a motion to dismiss. Petitioner did not respond to the motion to dismiss. Nor did he contact the court to provide an explanation for the delayed payment. Consequently, on October 30, 2017, the court granted respondents' motion and dismissed the petition.

On November 13, 2017, petitioner filed a "Motion to Reconsider the Court's Order of Dismissal Ordered on October 30, 2017 and Filed by the Court Clerk on October 30, 2017." The motion set forth facts, supported by accompanying documentation, purporting to establish petitioner's "good faith effort" to comply with the court's order. Specifically, petitioner alleged that he "submitted a Tennessee Department of Correction Trust Fund Withdrawal Request on September 18, 2017, in the amount of $12.58, to be mailed to: Greg Forgery, Clerk and Master, Bledsoe Chancery Court, 3150 Main Street, Suite 400, Pikeville, TN 37367." Petitioner further alleged that on September 26, 2017, prison officials mailed his check in petitioner's self-prepared envelope.

According to petitioner, the U.S. Postal Service returned the check to the prison on October 4, 2017, seven days prior to the court-ordered payment deadline. The envelope was stamped with the following message: "Return to Sender, No Mail Receptacle, Unable to Forward." Petitioner alleged that because it takes approximately two weeks to process a withdrawal from his inmate trust fund account, he contacted Nora Stone, an unidentified third party, who agreed to send the partial payment to the court on his behalf. This was the payment that the court received on October 13, 2017, two days after the deadline.[1]

---

[1] It appears that the only significant difference between petitioner's first mailing and the mailing sent by Ms. Stone is that Ms. Stone's envelope included the appropriate P.O. box instead of the street address of the courthouse.

On December 12, 2017, the trial court denied petitioner's motion, which it construed as a motion to alter or amend a judgment pursuant to Tenn. R. Civ. P. 59.04. Because petitioner had prematurely filed his notice of appeal on November 27, 2017, the appellate court clerk's office immediately entered the action upon receipt of the trial court's order.

## II.

Petitioner raises one issue on appeal:

> Whether the trial court abused its discretion by denying petitioner's motion to reconsider the court's dismissal of his petition for writ of certiorari.

## III.

The trial court correctly converted petitioner's "motion to reconsider," which is not recognized by Tennessee law, into a motion to alter or amend a judgment. We have previously explained that when a litigant

> files a post-judgment motion called a "petition to rehear" or some other name not clearly referenced in Tenn. R. App. P. 4(b) or Tenn. R. Civ. P. 59.01, the appellate courts must parse through the body of the petition or motion to determine whether it requests the sort of relief available through one of the four motions specifically listed in Tenn. R. App. P. 4(b) or Tenn. R. Civ. P. 59.01.

*Hughes v. Tenn. Bd. of Parole*, No. W2005-00838-COA-R3-CV, 2005 WL 3479632, at *3 (Tenn. Ct. App., filed Dec. 20, 2005) (quoting *Lee v. State Volunteer Mut. Ins. Co.*, No. E2002-03127-COA-R3-CV, 2005 WL 123492, at *7 (Tenn. Ct. App., filed Jan. 21, 2005)). In addition, courts must be mindful that

> [p]ro se litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. . . . [However, they are still] entitled to the same liberality of construction with regard to their pleadings that Tenn. R. Civ. P. 1, 8.05 & 8.06 afford any other litigant. . . . Courts should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

***Id.*** (internal citations and quotations omitted).

In this case, petitioner filed his motion within thirty days of the trial court's order, as required by Tenn. R. Civ. P. 59.04. Although improperly titled, the motion also clearly "requests a substantive alteration of the judgment." *See **Lee***, 2005 WL 123492, at *8. Therefore, the trial court properly converted the motion into a Rule 59.04 motion to alter or amend.

"We review a trial court's decision on whether to grant a Rule 59.04 motion to alter or amend a judgment under an abuse of discretion standard." ***Kirk v. Kirk***, 447 S.W.3d 861, 870 (Tenn. Ct. App. 2013). "[A] trial court abuses its discretion when it: appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." ***Newberry v. Newberry***, No. E2017-00340-COA-R3-CV, 2018 WL 3058285, at * 3 (Tenn. Ct. App., filed Jun. 20, 2018) (quoting ***Armbrister v. Armbrister***, 414 S.W.3d 685, 693 (Tenn. 2013)).

## IV.

Petitioner cites three cases to support his position that the trial court erred in denying his motion to alter or amend its judgment: ***Wallace v. Tennessee Department of Correction***, No. M2005-01916-COA-R3-CV, 2006 WL 3246104 (Tenn. Ct. App., filed Nov. 8, 2006), ***Freeman v. Department of Probation and Parole***, No. M2002-00958-COA-R3-CV, 2003 WL 1798080 (Tenn. Ct. App., filed Apr. 7, 2003), and ***Parra-Soto v. Newble***, No. M2003-00090-COA-R3-CV, 2003 WL 22794519 (Tenn. Ct. App., filed Nov. 25, 2003). In each of these cases, a trial court dismissed an inmate's case due to the inmate's failure to comply with a court order to pay a partial filing fee. ***Wallace***, 2006 WL 3246104, at *3; ***Freeman***, 2003 WL 1798080, at *2-3; ***Parra-Soto***, 2003 WL 22794519, at *2. This Court affirmed each of those dismissals, noting that each inmate had sufficient funds to pay the fee, was informed of the consequences for not paying the fee, and failed to provide a justification for not paying the fee. ***Id.*** Although not explicitly stated, petitioner seems to argue that his case is different because he alleged facts in his Rule 59.04 motion that justify his delayed payment. As discussed below, that would be a good argument if petitioner had explained the circumstances of his delayed payment *prior to the dismissal of his petition*; however, this appeal comes to us on the trial court's denial of petitioner's *motion to alter or amend the judgment* and our decision must be governed by Tenn. R. Civ. P. 59.04.

Because Tenn. R. Civ. P. 59.04 does not list specific grounds that justify a motion to alter or amend a judgment,

> trial courts have considerable discretion in granting or denying the motion. As a general matter, there are four basic

- 4 -

grounds upon which a motion to alter or amend may be granted. First, the moving party may demonstrate that it is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted to permit the moving party to present newly discovered or previously unavailable evidence. Third, the motion may be justified by an intervening change in the controlling law. Fourth, the motion may be granted when necessary to prevent a manifest injustice.

*Hughes*, 2005 WL 3479632, at *4 (quoting *Lee*, 2005 WL 123492, at *7).

When petitioner filed his motion to alter or amend, he alleged new facts and presented new evidence to explain his late payment of the initial filing fee. Therefore, the only potential ground for granting his motion is the ground relating to "newly discovered or previously unavailable evidence." *Id.* However, "[i]n order to sustain a motion to alter or amend under Rule 59.04 based on newly discovered evidence, 'it must be shown that the new evidence was *not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence.*' " *Kirk*, 447 S.W.3d at 869 (emphasis added) (quoting *Seay v. City of Knoxville*, 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983)).

Although we commend petitioner for his efforts to comply with the court's order, it is clear that he had knowledge of all the facts alleged in his motion *prior to the dismissal of his petition on October 30, 2017.* Specifically, on October 4, 2017, petitioner received notice that his first payment had not been delivered. On October 18, 2017, the clerk and master notified petitioner that the court was rejecting the second sent on his behalf by a friend. Finally, on October 19, 2017, respondents filed a motion to dismiss and served it on petitioner. In each instance, petitioner failed to inform the court of the reason for his delayed payment, despite his awareness of the aforementioned facts. Because petitioner had knowledge of those facts prior to the dismissal of his petition, his motion to alter or amend cannot be sustained on the ground of "newly discovered or previously unavailable evidence." *See Kirk*, 447 S.W.3d at 869. Accordingly, we conclude that the trial court did not abuse its discretion by denying petitioner's motion.

We do not reach the question of whether the trial court erred in the first instance by dismissing the petition. We also express no opinion on the merits of that petition.

## V.

The judgment of the trial court is affirmed.  The case is remanded, according to applicable law, for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE