Jimmie DeLONG, Appellant,

v.

PANS HANS PROPERTIES and Affiliated Factory Mutual Insurance Company, Appellees.

Supreme Court of Tennessee,
at Nashville.

Jan. 18, 1982.

Thomas L. Reed, Jr., Murfreesboro, for appellant.

James W. Buckner, Murfreesboro, for appellees.

## OPINION

FONES, Justice.

This is a direct appeal of a worker's compensation case by plaintiff who was dissatisfied with the trial judge's award of 3% permanent partial disability to the body as a whole, and complains that two procedural errors were made.

Plaintiff sustained a back injury in April, 1977, in the course and scope of her employment. The first trial of this case was held

on January 29, 1979, before Judge Wilkes Coffey, Jr. The depositions of three doctors were presented. Dr. Lee rated her permanent impairment at 20%, Dr. Haber at 3%, and Dr. Davis found no abnormal objective symptoms except numbness of pin prick, in her right lower extremity, that did not follow the normal nerve pattern. Dr. Davis concluded that plaintiff was suffering from a hysterical conversion reaction, and had sustained no anatomical disability resulting from her back injury. On February 1, 1979, Judge Coffey entered judgment awarding plaintiff thirteen (13) weeks temporary total disability, 3% permanent partial disability, and medical expenses.

Plaintiff filed a motion for a new trial on February 28, 1979, and after a hearing the trial judge held that "plaintiff is entitled to a rehearing of the cause and to deliver further testimony in the cause," and ordered that plaintiff be examined by a fourth doctor, an orthopaedic specialist, and the results thereof presented to the Court.

The rehearing was held on October 19, 1979, and the evidence presented consisted of plaintiff's testimony and the deposition of Dr. Jerry Hunt. Dr. Hunt saw plaintiff for the first time on June 12, 1979. After examination he suspected a herniated disc of the fourth and fifth lumbar vertebrae on the right side. He hospitalized plaintiff from June 14 to June 22 to perform a lumbar myelogram and a complete evaluation. The myelogram was normal. Dr. Hunt testified that there was the possibility of a lesion outside the column of the dye, but that surgery is rarely recommended to a patient with a normal myelogram. He diagnosed plaintiff's condition as chronic nerve root irritation of the fifth lumbar nerve root, right side, of undetermined cause and rated her permanent disability as 15% to the body as a whole.

Judge Coffey took the case under advisement and when his term expired on August 31, 1980, he had not rendered a decision.

On September 23, 1980, plaintiff's lawyer wrote to defendant's lawyer and advised that Chancellor Stegall had called this case "on the Chancery Docket Call Monday" and "after learning the status of the case," set it for retrial on December 16, 1980.

On September 24, 1980, defendant's lawyer wrote to plaintiff's lawyer and advised as follows: that pursuant to T.C.A. § 17–116 (now § 17–1–304) Judge Coffey had sixty (60) days after the expiration of his term to rule on pending matters; that, "I have made inquiry of him whether he is in position to rule in the captioned matter and he replied in the affirmative, saying that he was re-instating the original judgment;" that a judgment to that effect was enclosed for approval, with the suggestion that plaintiff's lawyer contact Judge Coffey for confirmation.

■ Plaintiff's lawyer asserts that defendant's lawyer violated DR7–110(B), which prohibits a lawyer from communicating with a judge, "*as to the merits of the cause*," in a pending adversary proceeding. No evidence was adduced that defendant's lawyer presented any communication to Judge Coffey bearing upon the merits of the case and therefore the Canon was not violated. However, we hasten to add that this Canon should be observed by lawyers and judges in such a careful manner that there be no appearance of impropriety. The situation here was unusual in that the judge's term had expired, he had returned to the practice of law, and plaintiff's lawyer's communication of September 23, advising that the case had been set for a third trial, would naturally prompt an inquiry of the judge before whom the second trial was pending.

On October 30, 1980, plaintiff filed a second motion for a new trial, the substance of which was the same as the first motion for a new trial, to-wit, that the award of 3% permanent partial disability was too low.

After a hearing on December 8, 1980, Chancellor Whitney Stegall held that he was "without jurisdiction to review, modify or change the prior rulings of the Honorable Wilkes Coffey, Jr., Circuit Judge, whose term of office ended September 1, 1980."

Plaintiff insists that Chancellor Stegall was in error in not entertaining and granting her motion for a new trial.

In 1969 the Legislature amended T.C.A. § 50–1018 to eliminate the motion for a new trial as a condition precedent to the perfection of an appeal. In view of that amendment, a motion for new trial in a worker's compensation case may be summarily disposed of in the discretion of the trial judge, with or without a hearing, and any claim of prejudice by the moving party will not be entertained upon appeal. Such errors as may be alleged to exist at that stage are subject to appellate review only, as a matter of right.

Plaintiff cites as authority for insisting that Chancellor Stegall should have entertained his motion for a new trial, 66 C.J.S. New Trial § 118, and 48A C.J.S. Judges § 56. Those authorities are inapposite. Where a motion for a new trial is a condition precedent to an appeal, and the judge who tried the case is unable to rule upon a timely filed motion by reason of death or inability to act, a successor or replacement judge of the Court in which the case was tried has authority to rule upon the motion. T.R.A.P. 24(f). That is not the situation here and there was no error in refusing to entertain the motion.

Plaintiff does not really contend that there is no material evidence to support the permanent partial disability award, but rather frames the issue as a question, and argues that the preponderance of the evidence justified a higher percentage of disability. Dr. Davis testified that plaintiff had no permanent disability and Dr. Haber found that plaintiff had no objective evidence of physical disability but gave her a rating of 2% to 3% on the basis of her subjective complaints. The scope of our review prohibits any alteration of a trial judge's award that is supported by material evidence, as is so obviously the situation here.

In the order granting a new trial on March 30, 1979, the trial judge decreed that the expense of the examination by an additional orthopaedic surgeon be shared equally between plaintiff and defendant. Dr. Hunt was of the opinion that plaintiff should be hospitalized for the performance of a myelogram and a *complete* examination. Defendant has paid or agreed to pay one-half of Dr. Hunt's bill of $230.00 and one-half of the radiologist's bill of $86.00, but refused to pay one-half of the hospital bill of $1116.75, asserting that it was not contemplated or necessary. The question of the necessity of hospitalization of plaintiff in order to conduct an appropriate examination was not explored by either party when Dr. Hunt's deposition was taken. The record is silent with respect to whether this issue was presented to Judge Coffey; the final judgment he entered on September 30, 1980, did not expressly address the issue.

It is clearly implicit from Dr. Hunt's deposition that he deemed it appropriate to hospitalize plaintiff to make the examination ordered by the Court. That order, as well as the express terms of T.C.A. § 50–1004 require that the expense be shared, in these circumstances, and we therefore hold that defendant is liable for one-half of the hospital bill.

The judgment of the trial court is affirmed, as modified in the preceding paragraph, and this case is remanded to the Chancery Court of Rutherford County for the entry and enforcement of a decree in conformity with this opinion. Costs of this appeal are adjudged three-fourths against plaintiff and one-fourth against defendant.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.