**Gaylon Daniel FREEMON, Plaintiff-Appellant,**

**v.**

**VF CORPORATION, KAY WINDSOR DIVISION and the Aetna Casualty & Surety Company, Defendants-Appellees.**

Supreme Court of Tennessee, at Nashville.

Sept. 10, 1984.

W. Howell Forrester, Pulaski, for plaintiff-appellant.

Billy C. Jack, Columbia, for defendants-appellees.

## OPINION

BROCK, Justice.

In this worker's compensation case the trial court awarded medical benefits and benefits for temporary total disability but denied any recovery of benefits for permanent partial disability, concluding that the record failed to contain any evidence to support a finding of permanent disability to plaintiff's back and neck.

The plaintiff appeals, asserting (1) that the trial court erred in failing to make a finding of permanent partial disability based upon the testimony of a psychologist, Dr. James E. Crowder, that the plaintiff suffers a 35% "vocational disability," and (2) that the trial court erred in failing to reopen the proof to consider testimony by Dr. Barnett, a physician whose testimony was considered at trial, but who allegedly had examined the plaintiff after trial and had changed his opinion respecting the plaintiff's disability and was now prepared to testify that the plaintiff suffered a physical impairment of between 5 and 10 per cent of his body as a whole because of his compensable injury.

It is so well settled that authority need not be cited to support the proposition in this jurisdiction that except in the case of injuries resulting in a permanent disability that is obvious to a layman, a finding of permanent disability in workers' compensation cases must be based upon the testimony of competent medical authorities. Therefore, clearly the trial court did not err in failing to base a finding of permanent disability to plaintiff's back upon the testimony of the witness Crowder who was not a medical physician but a psychologist.

The appellant's second insistence is likewise without merit. The plaintiff was first examined by Dr. Barnett on February 2, 1983, and the doctor's deposition was considered as evidence at the trial of this cause on September 26, 1983. In that deposition the doctor had stated that "... there is no evidence to indicate that he is going to be permanently and totally disabled or anything like that, but there may be certain things that he may need to avoid." The decree of the trial court based upon the trial of September 26, 1983, was entered on November 15, 1983. Two days later, on November 17, 1983, the plaintiff-appellant filed a motion for a new trial alleging that he had been examined again by Dr. Barnett on November 9, 1983, and that Dr. Barnett would now testify that the plaintiff suffers a physical impairment of between 5 and 10 per cent to the body as a whole resulting from his compensable injury.

In his order overruling the motion for a new trial the Chancellor observed that after taking the case under advisement on September 26, 1983, he had rendered an opinion on October 4, 1983, prior to entering his written decree on November 15, 1983. Obviously, then, the plaintiff after learning on October 4, 1983, that he was being denied benefits for any perma-

nent disability went to see Dr. Barnett a second time on November 9, 1983, in an effort to seek a revised opinion of the physician that would constitute the basis for testimony that he had a permanent disability. This does not amount to "newly discovered evidence" which will serve as the basis for a new trial. *Martin v. Nance*, 40 Tenn. 649 (1859); *Monday v. Millsaps*, 37 Tenn.App. 371, 264 S.W.2d 6 (1954).

In the *Martin* case it was held that a new trial will not be granted upon the affidavit of a witness, who was examined in the cause, in which he shows that he will greatly strengthen his testimony, that it would show negligence on the part of the party introducing him, and, if touching matters upon which he had already testified, would be cumulative and, therefore, insufficient. In the *Monday* case it was held that newly discovered opinions or expert testimony cannot be the basis for granting a new trial.

We are not holding, if a trial judge should be moved by such "newly discovered evidence" to grant a new trial while the case remained in the bosom of the court as in the instant case, that it would be error, but we do hold that his failure to do so does not constitute reversible error. We note that in 1969 the legislature amended what was then Section 50–1018, Tennessee Code Annotated, to eliminate the necessity of a motion for a new trial as a condition precedent to appeal in a worker's compensation case. Concerning that amendment we have said:

> "In view of that amendment, a motion for new trial in a worker's compensation case may be summarily disposed of in the discretion of the trial judge, with or without a hearing, and any claim of prejudice by the moving party will not be entertained upon appeal. Such errors as may be alleged to exist at that stage are subject to appellate review only, as a matter of right." *DeLong v. Pans Hans Properties*, Tenn., 626 S.W.2d 697, 699 (1982).

We find no error in the decree of the trial court; accordingly, it is affirmed and costs are taxed against the plaintiff-appellant and surety.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.