**CIGNA PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Thelma SNEED, Defendant–Appellant.**

Supreme Court of Tennessee, at Knoxville.

May 30, 1989.

Jeffrey D. Boehm, Gentry & Boehm, Chattanooga, for defendant-appellant.

John D. Barry, Milligan, Harris, Barry & Hensley, Chattanooga, for plaintiff-appellee.

## OPINION

HARBISON, Justice.

In this case the employee appeals from an award for permanent partial disability and attendant medical expenses which she deems to be inadequate. After carefully reviewing the record, we are of the opinion that the findings of the trial judge are supported by a preponderance of the evidence. Accordingly, that judgment is affirmed except for a slight modification hereinafter noted.

The action was instituted by the workers' compensation insurance carrier for DeLong Sportswear Company in Dayton, Tennessee. It was conceded that the employee, defendant in the trial court and appellant here, had sustained a compensable injury during the course of her employment on or about October 9, 1986. The claim had been accepted as compensable, and the complaint alleged that supporting medical data indicated a small percentage of permanent partial impairment to the left arm. The employer, or its carrier, had paid temporary total disability benefits and certain medical expenses.

The employee answered the complaint and counterclaimed, alleging disability to the body as a whole, not confined to a scheduled member, and also alleging permanent emotional and psychological injury as well as physical injury.

The trial judge conducted a full evidentiary hearing, carefully reviewed lengthy and complex medical evidence and thoroughly considered all aspects of the case. On July 12, 1988, he filed a memorandum opinion finding that the appellant had sustained 20% permanent partial disability to the body as a whole as a result of her physical injuries. He allowed certain medical expenses which had not previously been paid by the employer, but he disallowed any further award of permanent partial disability for emotional or psychological injury. There has been no claim for further temporary total disability benefits in addition to those which had previously been paid.

■ During the trial a controversy developed between the parties as to the correct weekly compensation rate for the appellant. The trial judge found that there had been an error in the computations made by the insurance carrier, and he allowed a slight increase in temporary total disability benefits based upon this difference.

The parties concede that there was no hearing on this question, and there was no stipulation between counsel. It is suggested by counsel for the employee that the matter be remanded to the trial court in order that the correct weekly rate for periodic disability benefits be ascertained. We find this suggestion to be in order, and we sustain the issue presented on behalf of the employer in this respect. The correct weekly rate is certainly one which can be ascertained, and if counsel are not able to stipulate the matter, the trial judge may conduct a further evidentiary hearing if needed. The parties agree that no proof was introduced at the trial on this issue. With this exception, we affirm the judgment of the trial court in its entirety.

The employee was about 54 years of age at the time of trial. She was a very heavy person, and her obesity was noted by her physician as one of her problems. She had been engaged in various types of employment in the garment and textile industry for many years. She had worked for the employer in this case since 1981. There is no question that she sustained an injury to her left arm and shoulder in October 1986, as a result of her work activities. She was off from work until January 1987. She then attempted to return to work but re-injured her arm in March. She was not able to return to work until July 1987. When she did return to work, she was terminated. In addition to this workers' compensation action, she sought and was awarded unemployment compensation benefits and has

filed a wrongful discharge tort action which was not consolidated with or tried with the instant case.

There is little question from the lengthy record that the employee had a long history of emotional and psychological problems. She had personality clashes with her floor supervisor and with the plant manager. In addition she was engaged in some surreptitious scandal or gossip with other ladies working in the garment factory. Although she steadfastly denied in discovery deposition and at trial that she had been implicated in writing an anonymous letter to another employee suggesting some scandalous conduct on the part of the latter's husband, she finally admitted at trial that she had authored the letter and mailed it. Obviously her credibility throughout these proceedings was sharply drawn into issue.

■ After she re-injured her arm and shoulder in March 1987, appellant suffered severe emotional distress and depression as well as physical pain. She was off from work until July, but all of her medical expenses and temporary total disability benefits for that period of time have either been paid by the employer or awarded by the judgment of the trial court. When she attempted to return to work on or about July 13, 1987, she was notified that she was discharged. There was no further physical injury, and the employee did not seek any medical treatment for at least three weeks after being notified of the discharge. When she returned to her attending physician, however, she was deeply depressed and upset over what she deemed to be the unfair conduct of her employer in discharging her. As stated, she has another pending action in connection with that matter. It is her contention, however, that the ill treatment which she allegedly received, which did not trigger any further physical injury, nevertheless constituted a compensable "accident" within the meaning of the workers' compensation statutes.

When Mrs. Sneed was notified that her employment had been terminated, she did not see or talk with the plant manager. She spoke only with his secretary, who was not alleged to have been rude or discourteous. There was no sudden angry or heated confrontation on that occasion. Appellant was, of course, disappointed and upset that she was not being permitted to return to work, but nothing in the nature of an industrial "accident" is shown to have occurred on or about July 13, 1987. Concern over employment terms and conditions occurs in all types of occupations and is an inevitable concomitant of any contract of employment. Mrs. Sneed clearly overreacted and became unusually emotional or depressed, but in our opinion she did not suffer any further compensable accident in connection with her job termination. *See Gentry v. E.I. Dupont De Nemours and Co.*, 733 S.W.2d 71 (Tenn.1987); *Jose v. Equifax, Inc.*, 556 S.W.2d 82 (Tenn.1977).

The trial judge so concluded, and we affirm. The trial judge made what, in our opinion, was a generous award for the physical injuries and medical expenses which the employee had sustained. He simply did not believe, however, that her emotional problems were caused by her employment to the extent that they could be deemed or treated as a compensable "accident" entitling her to further statutory benefits.

In the first place, there is no evidence in the record that the condition from which the employee suffered after leaving her employment on or about July 13, 1987, was permanent in nature. There is no competent medical or psychiatric testimony which would support a finding that there was anything more than a temporary emotional problem. The testimony of a clinical psychologist to whom appellant was referred by her attending osteopathic physician is not legally sufficient to support an award of permanent partial disability. *See Henley v. Roadway Exp.*, 699 S.W.2d 150 (Tenn.1985); *Freemon v. VF Corp., Kay Windsor Div.*, 675 S.W.2d 710 (Tenn.1984).

■ On motion of the appellant's counsel, the trial judge declined to consider the deposition of a qualified psychiatrist who examined appellant pursuant to a court order. While in our opinion the sanction of excluding this testimony by the trial judge was severe, nevertheless the testimony of

the psychiatrist would have supported the findings of the trial judge that the appellant had suffered no permanent partial disability of a psychiatric or emotional nature as a result of her employment. In its separate issues for review, the workers' compensation insurer contends that the exclusion of this deposition was error. If the exclusion was error, under the circumstances of this case it was harmless and did not affect the result, since the trial judge did not find any permanent psychological or emotional injury resulting from the employment in any event.

■ The other issue presented by the insurance carrier has to do with the allowance of certain medical expenses during the time when the employee was off from work between March 1987 and her attempt to return to work in July. Although there was testimony that the primary reason for some of these expenses, particularly a hospital bill, was the severe depression of the appellant, nevertheless this depression was incident to and was combined with an admittedly compensable physical injury. In our opinion the trial judge was warranted in allowing recovery of those expenses.

We find no reversible error under the issues presented by either of the parties. The judgment of the trial court is affirmed except with respect to the weekly compensation rate. As to that issue, the cause is remanded for further proceedings. Costs incident to the appeal are taxed to the appellant. All other costs will remain as fixed by the trial judge. The cause will be remanded to the trial court for collection of costs accrued there and for any further proceedings which may be necessary.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.