[No. 63235-9.    En Banc.    January 18, 1996.]

JOYCE ELAINE MITHOUG, ET AL., *Petitioners*, v. APOLLO RADIO OF SPOKANE, ET AL., *Respondents.*

*Kain, Snow & Staeheli*, by *Gregory G. Staeheli*, for petitioners.

*Short, Cressman & Burgess*, by *Bryan P. Collucio*, for respondents.

PER CURIAM. — Joyce Mithoug and Maria Madrid sued Apollo Radio of Spokane (owner of radio station KEZE) and Gary Tyacke (the station program director) for employment discrimination, retaliatory discharge, and related claims. The trial court granted the defendants' motion for summary judgment of dismissal, stating in a supplemental order that it had not considered several depositions on file. The court's reasons for this are not clear from the record, but it may have refused to consider the depositions because the plaintiffs did not attach copies of the relevant pages to their summary judgment memorandum. When the plaintiffs appealed, the defendants moved to strike all references in the plaintiffs' brief to this deposition testimony. The Court of Appeals granted this motion and affirmed the summary judgment order on the

basis of only the evidence which the superior court said it had considered. Mithoug and Madrid petitioned for review, arguing that the trial court should have considered their filed depositions. Thus, they maintain, the Court of Appeals erred in granting the motion to strike and in deciding the appeal only on the basis of the evidence expressly considered by the trial court. We agree, and therefore reverse the Court of Appeals decision and remand the cause to that court for further consideration.

The Court of Appeals was apparently of the view that RAP 9.12 and the caselaw on summary judgments limit appellate review to evidence "considered" by the trial court. This is not what RAP 9.12 actually says. Rather, it says that the trial court in its order "shall designate the documents and other evidence *called to the attention of the trial court* before the order on summary judgment was entered." (Emphasis added.) On review, the appellate court "will consider only evidence and issues *called to the attention of the trial court.*" (Emphasis added.) "The purpose of this limitation is to effectuate the rule that the appellate court engages in the same inquiry as the trial court." *Washington Fed'n of State Employees v. Office of Fin. Management,* 121 Wn.2d 152, 157, 849 P.2d 1201 (1993).

Here, the depositions were called to the attention of the trial court: the court entered an order allowing them to be filed and the plaintiffs referred to them by page and line numbers in their memorandum. The real question is whether the trial court properly refused to consider the depositions after they were brought to its attention.[1]

---

[1]The plaintiffs' position in this appeal has always been that the depositions were properly presented to the trial court and therefore should have been considered by the Court of Appeals in its de novo review of the summary judgment decision. Generally, such an issue is best raised in an assignment of error contesting the trial court's refusal to consider the particular item of evidence. Here, the issue only arose when the Court of Appeals sent the case back to the trial court for entry of a supplemental order pursuant to RAP 9.12, and the trial court listed in this order the documents it did and did not consider. Although they may have done so inartfully, the plaintiffs raised the issue in their re-

Plainly, there are instances when the trial court should reject evidence brought to its attention, as when the court is presented with an affidavit not based on personal knowledge. *See* CR 56(e); *Melville v. State*, 115 Wn.2d 34, 793 P.2d 952 (1990). We perceive no such basis for refusing to consider the depositions in this case.

As mentioned above, the trial court seemingly refused to consider the proffered depositions because the cited pages were not duplicated and attached to counsel's memorandum. CR 56 does not require depositions to be attached to a legal memorandum to be considered by the trial court, however. Rather, CR 56(c) refers to judgments rendered on the "pleadings, depositions, answers to interrogatories, and admissions *on file*, together with the affidavits, if any . . . ." (Emphasis added.)

The only part of the rule dealing with attachments is subsection (e), which requires that sworn or certified papers referred to in an affidavit be "attached thereto or served therewith." Even this requirement is waived, however, if not brought to the trial court's attention through a motion to strike. *Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 881, 431 P.2d 216 (1967). There is nothing in the record suggesting that the defendants objected to the trial court's consideration of the depositions. Thus, they were properly before the court and should have been considered in deciding the motion for summary judgment.

The plaintiffs should be afforded the opportunity to file briefs in the Court of Appeals with appropriate references to the full trial court record—all documents which they and the defendants called to the attention of the trial court.

The Court of Appeals' decision is vacated and the cause

---

sponse to the initial motion to strike, where they pointed out that the depositions had been filed and were called to the trial court's attention.

is remanded to that court for consideration of the appeal in a manner consistent with this decision.

Reconsideration denied February 27, 1996.