[No. 18164-2-III. Division Three. January 4, 2001.]

DELORES A. COLWELL, *Individually and as Personal Representative*, ET AL., *Appellants*, v. HOLY FAMILY HOSPITAL, *Respondent*.

*Mark D. Kamitomo*, for appellants.

*Curtis L. Shoemaker* (of *Paine, Hamblen, Coffin, Brooke & Miller, L.L.P.*), for respondent.

BROWN, J. — Following the death of Theresa Colwell, Delores A. Colwell, on behalf of herself and the estate of Theresa Colwell, and Colleen Colwell (the Colwells) filed a medical negligence suit against Holy Family Hospital. After the trial court granted summary judgment dismissal to Holy Family, the Colwells appealed. We decide the trial court did not err in (A) deciding a nurse relating nursing deficiencies may not express an opinion relating the nursing deficiencies to the medical causation of death (an issue of first impression), (B) not considering three physicians' declarations, and (C) not allowing the Colwells additional time to respond to Holy Family's objection to the nurse's opinion on causation. We affirm.

## FACTS

In July 1993, Theresa Colwell was admitted to Holy Family where she later died. Ms. Colwell's treating physicians, Dr. Leroy J. Byrd and Dr. Jerrel R. Lochner, had prescribed blood thinners for her ailments. The Colwells filed a medical negligence suit against Dr. Byrd, Dr. Lochner and Holy Family, alleging Ms. Colwell's cause of death was internal bleeding, which could have been prevented if adequately monitored. The Colwells alleged the hospital staff "failed to take reasonable measures to stabilize and or notify physicians of Theresa Colwell's deterioration."

In August 1997, the doctors and Holy Family filed separate summary judgment motions. Initially, in September 1997, the Colwells successfully resisted the doctors' motion for summary judgment by filing the declarations of Dr.

Frederic H.T. Braun and Dr. Stephen R. Jones. In further proceedings related to the doctors' motion, the Colwells filed two more declarations in August 1998, one from Dr. Andrew J. Uri and another from Dr. Jones. Later in 1998, the doctors settled.

Holy Family's summary judgment motion alleged lack of expert testimony to establish a prima facie case. In response, the Colwells filed a declaration from Janice R. Ellis, Ph.D., R.N. Ms. Ellis concluded on a more probable than not basis that the treating nurses at Holy Family violated the standard of care and that these violations "were the proximate cause of Ms. Colwell's demise." One week after the Colwells filed Ms. Ellis's declaration, Holy Family objected, arguing it was insufficient under CR 56 because it did not "set forth any facts in support of conclusory statements" and Ms. Ellis "is not legally competent to render opinions with regard to causation."

The hearing occurred on September 27, 1997, five days after Holy Family's objection to Ms. Ellis's declaration. The court allowed Ms. Ellis's declaration. Nevertheless, the court granted Holy Family's request for summary judgment dismissal, deciding Ms. Ellis "is not competent to render an opinion regarding causation." The court did not list the declarations of Dr. Uri, Dr. Braun, or Dr. Jones as evidence considered prior to granting Holy Family's motion. Later, the trial court issued an order clarifying that Dr. Braun's and Dr. Jones's declarations were not considered.

The Colwells unsuccessfully requested reconsideration, then appealed.

## ISSUES

We consider whether the trial court erred: (A) by granting summary judgment dismissal of the Colwells' claims against Holy Family and concluding Ms. Ellis was not competent to render an expert opinion regarding medical causation; (B) by not considering the declarations of Dr. Uri, Dr. Jones and Dr. Braun favorably to the Colwells before

dismissing out Holy Family, and (C) by not granting the Colwells additional time to reply to Holy Family's challenge to Ms. Ellis's competency.

## ANALYSIS

### A. Causation

█ We review a grant of summary judgment de novo, and engage in the same inquiry as the trial court. *Trimble v. Wash. State Univ.*, 140 Wn.2d 88, 92, 993 P.2d 259 (2000). A motion for summary judgment will be sustained if no genuine issue of material fact exists, viewing the evidence in a light most favorable to the nonmoving party. CR 56(c); *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990).

██ In a medical negligence case, the defendant may move for summary judgment based on absence of competent medical evidence to establish a prima facie case. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 226, 770 P.2d 182 (1989). To make a prima facie case for medical negligence under RCW 7.70.010, the plaintiff must show duty, breach, causation, and damages. *Pedroza v. Bryant*, 101 Wn.2d 226, 228, 677 P.2d 166 (1984) (citing *Hansen v. Wash. Natural Gas Co.*, 95 Wn.2d 773, 776, 632 P.2d 504 (1981)). Evidence is sufficient if it supports a "reasonable inference" of all the elements. *Van Hook v. Anderson*, 64 Wn. App. 353, 358, 824 P.2d 509 (1992). A "reasonable inference" is founded on expert medical testimony rising to the level of reasonable medical certainty. *McLaughlin v. Cooke*, 112 Wn.2d 829, 836-37, 774 P.2d 1171 (1989).

██ Generally, expert medical testimony is required to show causation. *Morinaga v. Vue*, 85 Wn. App. 822, 831-32, 935 P.2d 637 (1997). If the plaintiff in a medical negligence suit lacks competent expert testimony, the defendant is entitled to summary judgment. *Id.* at 832. A trial court's ruling regarding competence of an expert to testify will not be reversed absent a manifest abuse of discretion. *Miller v.*

*Peterson*, 42 Wn. App. 822, 832, 714 P.2d 695 (1986). Under ER 702, a witness may testify as an expert if he or she possesses knowledge, skill, experience, training, or education that will assist the trier of fact.

■ Whether a nurse is competent to testify to causation is an issue of first impression in Washington. A Pennsylvania appellate court held, "we are not convinced that a nurse may properly testify 'to a reasonable degree of medical certainty' on the issues of legal causation and diagnosis in a medical malpractice action." *Flanagan v. Labe*, 446 Pa. Super. 107, 666 A.2d 333, 336 (1995), *aff'd*, 547 Pa. 254, 690 A.2d 183 (1997).

In a similar context some jurisdictions reject psychologist testimony regarding medical causation; they rely on the premise that these experts are not medical doctors trained in the physiological aspects of the human body. *See Edmonds v. Ill. Cent. Gulf R.R.*, 910 F.2d 1284 (5th Cir. 1990) (clinical psychologist not qualified to testify on alleged link between employee's job-related stress and worsening of heart condition); *Freemon v. VF Corp.*, 675 S.W.2d 710 (Tenn. 1984) (psychologist could not establish link to finding of permanent disability); *Haas v. Seekell*, 538 So. 2d 1333 (Fla. Dist. Ct. App. 1989) (psychologist not competent to testify regarding causal relationship between claimant's injury and organic personality syndrome).

In Washington, the general rule "is that a practitioner of one school of medicine is not competent to testify as an expert in a malpractice action against a practitioner of another school of medicine." *Miller*, 42 Wn. App. at 831. In *Young v. Key Pharmaceuticals, Inc.*, our Supreme Court held a pharmacist's testimony alone is insufficient to raise a genuine issue of material fact regarding a physician's standard of care. In dictum, the Court noted that a medical degree alone will not always satisfy a plaintiff's statutory burden, *Young*, 112 Wn.2d at 229, thus suggesting a medical degree is a preliminary requirement.

Further, in *White v. Kent Medical Center, Inc.*, 61 Wn. App. 163, 173, 810 P.2d 4 (1991), Division One stated "[s]o

long as a physician *with a medical degree* has sufficient expertise to demonstrate familiarity with the procedure or medical problem at issue, '[o]rdinarily [he or she] will be considered qualified to express an opinion on any sort of medical question.'" (quoting 5A KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE § 290[2], at 386 (3d ed. 1989)) (second and third alterations in original) (emphasis added).

In sum, while Ms. Ellis possesses the education and skill to testify to the standard of care of the decedent's treating nurses, a medical doctor must still generally connect Ms. Colwell's death to the alleged nursing deficiencies. Accordingly, the trial court did not abuse its discretion in finding Ms. Ellis incompetent to testify to medical causation. Absent competent medical testimony, the Colwells are unable to state a prima facie case of medical negligence, entitling Holy Family to summary judgment.

## B. Declarations

■■■ The trial court must routinely make evidentiary rulings during summary judgment proceedings. We review these decisions for abuse of discretion. *Cox v. Spangler*, 141 Wn.2d 431, 439, 5 P.3d 1265 (2000). However, here, the trial court's nonconsideration of Dr. Uri's, Dr. Braun's and Dr. Jones's declarations was not an exercise of discretion; rather, the declarations were not properly submitted for consideration in the summary judgment against Holy Family. They related solely to Dr. Byrd and Dr. Lochner's request for summary judgment. These declarations do not address Holy Family's culpability, they were not mentioned during oral argument on Holy Family's request for summary judgment, and the trial court did not list the declarations among the evidence considered before ruling. The trial judge issued a clarification order stating he did not consider Dr. Braun's and Dr. Jones's declarations. Regarding Dr. Uri, our record shows his declaration was not even filed until August 3, 1998, 10 months after the critical time.

In *Mithoug v. Apollo Radio*, 128 Wn.2d 460, 462, 909 P.2d

291 (1996), our Supreme Court discussed the importance of documents "called to the attention of the trial court" when reviewing a summary judgment order. The Court held that "[o]n review, the appellate court 'will consider only evidence and issues called to the attention of the trial court.'" *Id.* (quoting RAP 9.12). "'The purpose of this limitation is to effectuate the rule that the appellate court engages in the same inquiry as the trial court.'" *Id.* (quoting *Wash. Fed'n of State Employees v. Office of Fin. Mgmt.*, 121 Wn.2d 152, 157, 849 P.2d 1201 (1993)). Based upon the evidence in the record, Dr. Uri's, Dr. Braun's and Dr. Jones's declarations were not "called to the attention" of the trial court prior to Holy Family's summary judgment dismissal.

Moreover, consistent with our discussion in Part A, none of the doctors discussed medical causation by relating any nursing deficiency within Holy Family to Ms. Colwell's death. Under these circumstances, summary judgment was appropriate. Accordingly, the trial court did not err.

### C. Request for Additional Response Time

 The Colwells contend that the court should have granted them additional time to respond to Holy Family's challenge to Ms. Ellis's competency. Holy Family argues the Colwells never requested additional time.

At the close of the summary judgment hearing, the Colwells' attorney stated:

> If this court is disposed, in the alternative, to granting the motion for summary judgment, then I would say the appropriate thing to do, at this point, is not to dismiss a case that on its face has merit to it. It has asked the plaintiffs, or the defendants in this case, to point to those issues that they think are at issue or not at issue and allow the plaintiffs an opportunity to rebut them with the experts that this court now knows that it has.

The Colwells contend the above statement is a request for additional time to respond to Holy Family's objection to Ms.

Ellis's declaration. CR 56(f) permits the trial court to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." We review a trial court's decision regarding a CR 56(f) motion for abuse of discretion. *Tellevik v. 31641 W. Rutherford St.*, 120 Wn.2d 68, 90, 838 P.2d 111 (1992). "A court may deny a motion for a continuance when '(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.' " *Id.* (quoting *Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)).

 Here, from the report of proceedings, it is not clear that the Colwells' attorney was asking for a continuance. After counsel's above statement, the judge stated:

> All right. I'm going to go ahead and take a look at the matter again in light of the arguments that you just made [referring to the attorneys' summary judgment arguments]. But I spent a considerable period of time on this file so I suspect I'll be able to put out a memorandum decision on Monday. Okay.

If counsel contemplated a continuance, surely after the above colloquy some request for clarification or ruling would have been expected. Here, counsel merely thanked the court and the proceedings adjourned. Based on the record, a continuance was never clearly requested; therefore, the trial court could not err.

Assuming for argument that a continuance had been requested, the Colwells fail to show what evidence would be established through additional discovery. Under CR 56(f), a trial court may properly deny a motion for a continuance if the requesting party fails to indicate what evidence would be established through more discovery. *Olson v. City of Bellevue*, 93 Wn. App. 154, 165, 968 P.2d 894 (1998), *review denied*, 137 Wn.2d 1034 (1999). Thus, the trial court did not abuse its discretion when not granting the Colwells' additional time to respond to Holy Family's objection to Ms. Ellis's declaration.

 The Colwells also allege Holy Family's objection to Ms. Ellis's declaration was improperly raised. They contend the issue was raised in rebuttal material. The party moving for summary judgment must raise all of the issues on which it believes it is entitled to summary judgment in its initial motion. *White v. Kent Med. Ctr., Inc.*, 61 Wn. App. 163, 168, 810 P.2d 4 (1991). A trial court may not grant summary judgment to the moving party on issues that are first raised in rebuttal. *Molloy v. City of Bellevue*, 71 Wn. App. 382, 385, 859 P.2d 613 (1993).

In this case, Holy Family requested summary judgment because the Colwells failed to establish causation. Specifically, Holy Family argued the Colwells failed to provide expert testimony. The Colwells responded by filing Ms. Ellis's declaration. The declaration was filed 18 days *after* Holy Family requested summary judgment. Of course, Holy Family did not address the declaration in its opening material. Holy Family sufficiently addressed the lack of expert testimony in its opening brief and appropriately expanded on the issue in its reply brief. The lack of expert testimony issue encompassed the declaration issue. Accordingly, Holy Family's objection to Ms. Ellis's declaration was not a new issue raised for the first time in rebuttal.

## CONCLUSION

We hold the trial court did not err in any of the ways asserted by the Colwells.

Affirmed.

KURTZ, C.J., and GREEN, J. Pro Tem., concur.

Reconsideration granted and opinion modified March 1, 2001.

Review denied at 144 Wn.2d 1016 (2001).