[No. 26702-1-II. Division Two. February 8, 2002.]

DONALD C. MILLIGAN, *Appellant*, v. RICHARD THOMPSON, *as Secretary of the Department of Social and Health Services*, ET AL., *Respondents.*

DONALD C. MILLIGAN, *Appellant*, v. LYLE QUASIM, *as Secretary of the Department of Social and Health Services*, ET AL., *Respondents.*

---

[62] *State v. Kinzy*, 141 Wn.2d 373, 385, 5 P.3d 668 (2000), *cert. denied*, 531 U.S. 1104 (2001).

*William M. Hanbey* (of *Ditlevson, Rodgers, Hanbey & Dixon*), for appellant.

*Christine O. Gregoire, Attorney General*, and *Peter W. Berney, Assistant*, for respondents.

ARMSTRONG, C.J. — Donald Milligan sued the Department of Social and Health Services and individual employees for employment discrimination, retaliation, and civil rights and free speech violations. The trial court granted a summary judgment for procedural flaws. We reversed in part, holding that some of Milligan's claims were not procedurally barred. On remand, the trial court granted a second summary judgment, this time on the substance of the claims. On appeal, Milligan claims the court erred by failing to rule on his motions to limit the evidence and strike portions of the State's summary judgment material.

He also argues that material issues of fact about his discrimination and retaliation claims preclude summary judgment. We find no reversible error and, therefore, affirm.

## FACTS

Donald Milligan worked for the Department of Social and Health Services (DSHS) since 1968. *Milligan v. Thompson*, 90 Wn. App. 586, 589, 953 P.2d 112 (1998) (*Milligan* I). After he received four personnel conduct reports, DSHS placed Milligan on home assignment. *Milligan* I, 90 Wn. App. at 589. DSHS decided to permanently demote Milligan, but he appealed to the Personnel Appeals Board (PAB). *Milligan* I, 90 Wn. App. at 589. In February 1992, the PAB found a nine-month demotion appropriate (from February to November 1991) and ordered him reinstated. Milligan returned to his prior position until the Department of Personnel reclassified that position.

Milligan first sued DSHS in 1991. *Milligan* I, 90 Wn. App. at 590. The trial court granted summary judgment, ruling that Milligan did not file his claims within the statute of limitations period. *Milligan* I, 90 Wn. App. at 591. On appeal, we affirmed in part, but remanded on "any independently actionable claims not arising under Title VII that accrued after September 29, 1991, that were timely filed according to the relevant statutory period." *Milligan* I, 90 Wn. App. at 598. Milligan then combined these "independently actionable claims" with claims for discrimination and retaliation under chapter 49.60 RCW, civil rights claims under 42 U.S.C. § 1983, and a First Amendment claim.

After PAB ordered him reinstated, Milligan worked in two positions that lasted only a year before coming to his current position in the Children Services Division.[1] DSHS barred him from duties involving Indian Child Welfare and

---

[1] These two year-long positions were either abolished or reclassified, according to DSHS, or subjected to reductions in force, according to Milligan.

directed him not to speak with non-DSHS Indian friends, tribal leaders, and community representatives about department policies or lawsuits Milligan filed against DSHS.

Before summary judgment, both Milligan and DSHS filed ER 904 notices. Both objected to some of the opponent's proposed submissions. After DSHS moved for summary judgment, Milligan submitted a Motion in Limine to prohibit any testimony regarding the PAB's conclusions or rulings. Milligan also filed a Motion to Strike the Declarations of Greg Getaz and Barbara Bowdish, which dealt with his reinstatement, his unappealed PAB decision, and his Native American status. The trial court granted summary judgment without ruling on Milligan's motions or mentioning the ER 904 submissions. Instead, it said that "based on case law . . . there was no evidence that he suffered."

## ANALYSIS

### I. Effect of Court of Appeals Decision

Milligan argues that on remand the trial court should have given res judicata effect to facts and issues this court considered in *Milligan* I, 90 Wn. App. 586. He specifically argues that this court established his Native American ancestry. *Milligan* I, 90 Wn. App. at 589.

■ Milligan did not argue res judicata when he opposed Thompson's summary judgment motion. Under the rules of appellate procedure, we consider "only evidence and issues called to the attention of the trial court." RAP 9.12. *See also Colwell v. Holy Family Hosp.*, 104 Wn. App. 606, 613-14, 15 P.3d 210, *review denied*, 144 Wn.2d 1016 (2001) (trial court properly declined to consider evidence that party did not properly submit and did not mention in oral argument).

In addition, Milligan's argument lacks merit because the only specific issue he raises, his membership in a protected class, is not disputed at this time. DSHS conceded for purposes of summary judgment and this appeal that Milligan belongs to a protected class.

■ Milligan next contends that when we decided in the first appeal that some of his claims survived the statute of limitations, we established issues and facts a trier of fact had to consider. Milligan cites to neither the record nor any authority to support this proposition and we decline to consider it. RAP 10.3(a)(5); *see Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 36, 723 P.2d 1195 (1986) (we need not consider on appeal contentions unsupported by citation of authority).

## II. Summary Judgment

Milligan argues that the trial court erred by granting summary judgment without considering his preliminary motions and the evidence he submitted under ER 904. He also maintains that issues of material fact remain.

### A. Preliminary Motions

#### 1. Motion to Strike

■ Milligan moved to strike the Declaration of Greg Getaz and paragraphs four and six of the Declaration of Barbara Bowdish. The trial court declined to rule on the motion, but it did consider the two declarations in granting summary judgment. Thus, the court effectively denied Milligan's motion. We review evidentiary decisions, including those related to summary judgment, for abuse of discretion. *Sunbreaker Condo. Ass'n v. Travelers Ins. Co.*, 79 Wn. App. 368, 372, 901 P.2d 1079 (1995).

##### a. Getaz Declaration

■ Milligan disputes Getaz's statements concerning his ancestry. Because DSHS conceded for the summary judgment that Milligan was a Native American, any error in failing to strike this material was harmless.

##### b. Bowdish Declaration

■ Milligan challenges those portions of Barbara Bowdish's declaration that report his job transfers. He argues that the information is hearsay and speculative opinion; he also contends that Bowdish lacked personal

information about her statements. But again, any error in failing to strike was harmless. The work history Bowdish described is either not relevant to the summary judgment issues or simply repeats what Milligan has already shown: He was not assigned to Indian Affairs after the PAB ordered his reinstatement.

## 2. Motion in Limine

■ Milligan contends that the trial court should have heard his Motion in Limine and excluded the PAB's ruling. He concedes that the trial court could consider the PAB *order*, but he complains that the court should not have looked at the PAB *findings*. Although he reasserted at oral argument that the court could look only at the ruling, not at the underlying facts, he cited no relevant authority for this at oral argument or in his brief. A party waives an assignment of error not adequately argued in its brief. *State v. Motherwell*, 114 Wn.2d 353, 358 n.3, 788 P.2d 1066 (1990); RAP 10.3(a)(5).

■ Moreover, the PAB ruling is admissible as a public record under ER 803(a)(8) and RCW 5.44.040. PAB decisions, including findings and conclusions, are available from the agency and on PAB's webpage. *See* http://www.wa.gov/pab/#Decisions (last modifed Nov. 21, 2001); WAC 358-40-050.

## B. ER 904 Submissions

■ Milligan contends that the trial court should have considered the documents he submitted under ER 904. But under the rule, the court was unable to consider the documents unless Milligan submitted them with his summary judgment motion. ER 904 provides that the filing party shall submit notice, but not copies of the documents, to the trial court. ER 904(b). Instead, Milligan should have submitted the documents with an affidavit establishing the foundation and attaching the documents to the affidavit. CR 56(e).

## C. Material Facts

Milligan argues that summary judgment is inappropriate because material issues of fact remain as to whether DSHS retaliated against him. His principal complaint is that DSHS, after the PAB reinstatement, never gave him an Indian Affairs job.[2]

In reviewing a summary judgment, we engage in the same inquiry as the trial court. *Johnson v. Dep't of Soc. & Health Servs.*, 80 Wn. App. 212, 226, 907 P.2d 1223 (1996). Summary judgment is proper if, viewing the facts and reasonable inferences most favorably to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); *Johnson*, 80 Wn. App. at 226.

### 1. Employment Discrimination

■ Milligan alleges that DSHS discriminated against him, based on his race, in violation of RCW 49.60.180. To survive DSHS's motion for summary judgment, Milligan must make out a prima facie case of discrimination. *Johnson*, 80 Wn. App. at 226-27. He must show that (1) he belonged to a protected class, (2) he was discharged or suffered adverse employment action, (3) he had been doing satisfactory work, and (4) he was replaced by someone not in the protected class. *Jones v. Kitsap County Sanitary Landfill, Inc.*, 60 Wn. App. 369, 371, 803 P.2d 841 (1991).

Although DSHS argues that Milligan has failed to show several elements of the prima facie case, we assume, without deciding, that he has satisfied the elements.[3]

If the employee makes out a prima facie case, the burden shifts to the employer to show that it acted on a legitimate, nondiscriminatory basis. *Kastanis v. Educ. Employees Credit Union*, 122 Wn.2d 483, 490-91, 859 P.2d 26, 865 P.2d

---

[2] Milligan also states in a section heading of his brief that material facts remain as to tortious conduct and denial of civil rights. But because he fails to argue these points in his brief, we decline to consider the issues. RAP 10.3(a)(5); *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 456, 832 P.2d 1303 (1992).

[3] DSHS argues that Milligan was not subject to adverse action because his pay was not reduced. They also argue that he was not doing satisfactory work and was replaced by Native Americans.

507 (1993). DSHS claims that Milligan's "untrustworthy behavior, and his pattern of using [his] positions to further a personal agenda" provided a legitimate reason for them to change his job and ask him not to discuss his case with co-workers. Resp't's Br. at 24. The burden then shifts back to Milligan to show that this reason is a pretext for discrimination. *Kastanis*, 122 Wn.2d at 491-92.

Milligan need not, and did not, produce evidence of pretext beyond the evidence with which he tried to establish his prima facie case. *Sellsted v. Wash. Mut. Sav. Bank*, 69 Wn. App. 852, 860, 851 P.2d 716 (1993). Milligan showed that DSHS disciplined and demoted him, reassigned him to several jobs, and finally placed him in a job he did not like and for which he felt unqualified. He also presented evidence that his supervisors told him not to discuss DSHS matters, including Indian-related matters, with non-DSHS employees, including Native American friends.

■■■ A court may grant summary judgment even though the plaintiff establishes a prima facie case and presents some evidence to challenge the defendant's reason for its action. The Supreme Court recently held that when the "record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is proper. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

Our Supreme Court followed this holding in *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 23 P.3d 440 (2001). Hill argued that she was fired because of her age. *Hill*, 144 Wn.2d at 178. Her employer said it fired her because she violated a policy on job transfers. *Hill*, 144 Wn.2d at 190 n.14. Hill presented no evidence of discrimination other than the ages of her replacements. *Hill*, 144 Wn.2d at 190. This, the court said, was not sufficient to reasonably

support "even a circumstantial case of wrongful discharge due to age." *Hill*, 144 Wn.2d at 189.

Likewise, the record here "conclusively reveal[s]" a non-discriminatory reason for DSHS's decision—Milligan's repeated misconduct in handling Indian affairs. And Milligan presents a "weak issue of fact" that DSHS discriminated against him. Milligan's misconduct, even after warnings, gave DSHS a strong reason not to put Milligan back into the Indian Affairs job. DSHS's strong evidence and Milligan's weak claim made summary judgment appropriate.

## 2. Retaliation

 Milligan argues that because he had sued the agency, DSHS retaliated against him by denying him the chance to work on Indian-related issues. An employer may not retaliate against an employee for opposing the employer's discriminatory practices or for filing a discrimination claim against the employer. RCW 49.60.210. To make out a prima facie case of retaliation, Milligan must show that (1) he engaged in a statutorily protected activity, (2) DSHS took adverse employment action against him, and (3) there is a causal link between the activity and adverse action. *Francom v. Costco Wholesale Corp.*, 98 Wn. App. 845, 862, 991 P.2d 1182, *review denied*, 141 Wn.2d 1017 (2000).

The burden-shifting scheme is the same as for discrimination claims. *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 68-69, 821 P.2d 18 (1991). Milligan must make out a prima facie case, DSHS must present evidence of a nonretaliatory reason for its actions, and then Milligan must present evidence that the reason is pretextual.

 Even if we assume, without deciding, that Milligan can make out a prima facie case, he still has not shown that DSHS used his misconduct as a pretext to cover retaliation. Washington courts have not yet decided a retaliation case in light of *Reeves*. But the same burden-shifting analysis applies; thus, when the employee's evidence of pretext is weak or the employer's nonretaliatory evidence is strong,

summary judgment is appropriate. *Hill*, 144 Wn.2d at 182, 186.

As with Milligan's discrimination claim, the record "conclusively reveal[s]" that DSHS kept Milligan out of Indian affairs positions because of his earlier repeated misconduct, not because he had sued DSHS. The court properly granted summary judgment.

### III. Attorney Fees

Milligan requests attorney fees. Because we affirm the trial court's decision, we deny the request.

Affirmed.

BRIDGEWATER and HUNT, JJ., concur.