NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANAND RATHOD; AESHA RATHOD; JOSHUA BROTHERS, as Guardian ad Litem for minor P.R., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee, <br><br> and <br><br> PROVIDENCE HEALTH & SERVICES, DBA Providence Hospital of Everett, DBA Providence Regional Medical Center Everett, a Washington corporation; DANA BLACKHAM, MD; OBSTETRIX MEDICAL GROUP OF WASHINGTON, INC. PS; DOES, John/Jane 1-50, <br><br> Defendants. | No. 22-36045 <br><br> D.C. No. 2:20-cv-00064-RSL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted December 4, 2023
Seattle, Washington

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Anand Rathod, Aesha Rathod, and Joshua Brothers, Guardian ad Litem for the Rathods' child P.R. (collectively, "Rathods") appeal the district court's grant of summary judgment in favor of the United States[1] on the Rathods' medical negligence claim related to the birth of P.R. in 2017. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment *de novo*, *see United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003), we affirm.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A moving party without the ultimate burden of persuasion at trial . . . has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where, as here, a moving party without the ultimate burden at trial satisfies its initial burden, "the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.*

---

[1] In March 2020, the United States substituted itself as a defendant for Dr. Amy Rodriguez, Ms. Rathod's family medicine doctor who provided prenatal and obstetrics care, pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233.

In a Federal Tort Claims Act case like this one, we apply the substantive law of the state in which the alleged tort occurred. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006); *Tekle v. United States*, 511 F.3d 839, 853 (9th Cir. 2007) (collecting cases). The alleged medical negligence at issue here took place in Washington. The elements of medical negligence under Washington law are "duty, breach, causation, and damages." *Colwell v. Holy Fam. Hosp.*, 104 Wash. App. 606, 611 (2001).

Under Washington law, the Rathods were required to submit expert medical evidence on causation because the intricacies of labor, delivery, and hypoxic-ischemic encephalopathy ("HIE") are not commonly known. *Frausto v. Yakima HMA, LLC*, 188 Wash. 2d 227, 232 (2017) ("[E]xpert testimony is always required except in those few situations where understanding causation does not require technical medical expertise." (internal quotation marks omitted)). Medical expert testimony "must be based upon a reasonable degree of medical certainty," "must rise above speculation, conjecture, or mere possibility," *Reese v. Stroh*, 128 Wash. 2d 300, 309 (1995) (internal citations and quotation marks omitted), and "must at least be sufficiently definite to establish that the act complained of 'probably' or 'more likely than not' caused the subsequent disability," *O'Donoghue v. Riggs*, 73 Wash. 2d 814, 824 (1968). Summary judgment is appropriate where a plaintiff's expert fails to identify specific facts in support of a causation analysis. *See Guile*

3

*v. Ballard Cmty. Hosp.*, 70 Wash. App. 18, 25 (1993); *Rounds v. Nellcor Puritan Bennett, Inc.*, 147 Wash. App. 155, 164-65 (2008).

The district court held that the Rathods' medical expert, Dr. Harold Zimmer, did not offer reliable expert testimony on causation sufficient to create a genuine dispute of material fact. Dr. Zimmer testified that Dr. Rodriguez's failure to consult an obstetrician or order a cesarean delivery following certain worrisome fetal heartrate tracings fell below the standard of care and was the proximate cause of P.R.'s HIE. The district court properly concluded that Dr. Zimmer's declaration was insufficient to raise a triable issue as to causation. Dr. Zimmer's causation analysis was premised on P.R.'s fetal heartrate tracings during labor, which he admitted cannot show that a brain injury is occurring. Dr. Zimmer acknowledged that infants with worrisome tracings can be born without neurological deficits, and infants with unremarkable tracings can be born with neurological deficits. Dr. Zimmer failed to identify specific medical evidence demonstrating how Dr. Rodriguez's conduct proximately caused P.R.'s brain injury to a "reasonable degree of medical certainty." *See Reese*, 128 Wash. 2d at 309.

Dr. Zimmer made several concessions that undermine his causation analysis. Dr. Zimmer conceded that he only performed a prospective analysis "to anticipate what injury *might occur* on the basis of that injury—or on the basis of that tracing," leaving to other physicians to "look[] backward [] to determine what

4

might have caused the injury" (emphasis added). Dr. Zimmer also conceded that he did not engage in an analysis of the guideline factors promulgated by the American College of Obstetricians and Gynecologists (ACOG) to determine causation. Under the ACOG factors, causation of early-onset brain injury "can be derived from a comprehensive evaluation of all potential contributing factors," including fetal heartrate monitoring. The ACOG factors establish that one factor alone cannot support a causation finding, and Dr. Zimmer conceded that he did not review other ACOG factors, including P.R.'s magnetic resonance imaging.

Dr. Zimmer's concessions, coupled with his conclusory statements on causation, cannot defeat a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by factual data are insufficient to defeat. . . [a] summary judgment motion."); *Guile*, 70 Wash. App. at 25-26 (affirming a grant of summary judgment because the expert affidavit "failed to identify specific facts supporting his conclusion"). Viewing the facts in the light most favorable to the Rathods, Dr. Zimmer's expert testimony does not support the inference that Dr. Rodriguez's interpretation of the tracings, which do not show the onset of injury, more likely than not caused P.R.'s HIE.

Regarding P.R.'s spinal cord injury and Ms. Rathod's perineal tear resulting from a forceps delivery by another doctor, the Rathods failed to raise a triable issue

of fact connecting Dr. Rodriguez's actions to these injuries. Dr. Zimmer conceded that "Dr. Rodriguez did not cause the spinal cord injury." Dr. Zimmer also confirmed that his expert report did not discuss Ms. Rathod's perineal tear, and he testified that he was not offering an opinion that Dr. Rodriguez was responsible for the tear. These two concessions, coupled with the absence of any evidence to the contrary, support the grant of summary judgment.[2]

**AFFIRMED.**

---

[2] Because summary judgment is affirmed on proximate causation grounds, we do not reach the parties' additional arguments.